B. E. MIRICK v. JOHN SUCHY.

No. 14,746.   (87 Pac. 1141.)

R. C. BARRY v. JOHN SUCHY.

No. 14,747.   (87 Pac. 1141.)

SYLLABUS BY THE COURT.

DAMAGES—*Tort by a Minor—Liability of Parent—Demurrer to Petition.* In an action against a father for damages resulting from the setting out of a fire by his minor sons it is not a sufficient allegation of the parent's liability to allege that the sons, "while they were engaged in his [the father's] business, and for his benefit and working for him, purposely, carelessly and negligently set out a fire." It is necessary to allege, in substance, if done in the absence of the father and without his direction, that the setting out of the fire was a service being rendered for the father or resulting from an act done in such service; in other words, that the fire was set out or caused by an act within the scope of the employment.

Errors from Rush district court; CHARLES E. LOB-DELL, judge.   Opinion filed December 8, 1906.   Affirmed.

STATEMENT.

EACH of the above cases was commenced in the district court of Rush county on petitions substantially the same, except as to the name of the plaintiff, the description and value of the property alleged to have been destroyed by the fire, and the amount of judgment prayed for. The common defendant filed a general demurrer to the petition in each action; the demurrers

were sustained by the court, each plaintiff elected to stand on his petition, and judgment was rendered against him for costs. Each plaintiff brings his case to this court for a review of the ruling, and all parties agree to submit the cases together as one.

After a proper description of his property alleged to have been destroyed by the fire and setting forth the value thereof, the petition in Barry's case, omitting the prayer for relief and the signatures, is as follows:

"That on the said 30th day of March, 1905, Joe Suchy and John Suchy, jr., minor sons of the said defendant, John Suchy, and under the age of twenty-one years, who resided at home with their father and who worked for him and were under his care, management and control, while engaged in the business of their father, the said minor sons, working for his interests and for his benefit on his farm, situated in said Pleasantdale township, in Rush county, Kansas, some distance from where the plaintiff's property hereinbefore described was located, while engaged in repairing a fence on the farm owned by their father, the said defendant, while they were engaged in his business and for his benefit and working for him, purposely, carelessly and negligently set out a fire on their father's farm, and through their failure and neglect in setting out the said fire, and in not taking proper care and means to control the said fire, which they had wilfully, purposely, carelessly and negligently set out on their father's farm, the said fire spread from their father's farm to the real estate owned by the said plaintiff and destroyed all of the aforesaid property belonging to the plaintiff and of the value of $870.50."

*H. L. Anderson,* and *G. R. McKee,* for plaintiffs in error.

*S. I. Hale,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Do the facts as stated render the defendant, the father of the boys, liable for the damage resulting from the fire? The trial court correctly answered, "No." It is conceded that the father is not

liable for the tortious acts of his sons by reason simply of the relationship, nor by reason of their minority, nor because they lived at home with him and worked for him and were under his care, management and control.

It is contended, however, that the further allegation that the minor sons, "while engaged in repairing a fence on the farm owned by their father, the said defendant, while they were engaged in his business and for his benefit and working for him, purposely, carelessly and negligently set out a fire . . . and in not taking proper care and means to control the said fire," does state facts which render the father liable. An essential ingredient of liability is lacking, viz., that the setting out of the fire was within the scope of their employment—that the setting out of the fire was the act of the father, by his sons as his agents, in the same sense as was the building of the fence by them his act. No connection is shown between the father's work of building the fence and the act of setting out the fire. Had it been alleged that while building a fence for their father the sons shot the plaintiff's horse the lack of connection between the two acts would only be more apparent.

It is urged that the setting of the fire may have been necessary to enable them to build the fence. The argument is good; not so the petition. Had the petition alleged that it became necessary to remove rubbish or brush by burning it before the fence could be built, and for that purpose the sons started the fire and negligently allowed it to escape and spread upon the plaintiff's premises, etc., the missing link would probably have been supplied.

The liability of a parent for the act of a minor son rests upon the same basic facts as the liability of a master for the acts of his servant, and does not result from the fact of the tort or act being purposely or wilfully done but from its being done in doing the master's

or parent's business. If the act complained of be the setting out of a fire, it is not a sufficient pleading of liability to allege that the servant or child was engaged in the business of the master or parent, but it must appear that the setting of the fire was a part of that business or resulted from some act done in the performance of such business. The act must be the result of doing the business of the master or parent, and not of an independent act done during a cessation, even momentary, of the doing of such business. (*Hudson v. M. K. & T. Rly. Co.*, 16 Kan. 470; 38 Am. St. Rep. 370, note; 20 A. & E. Encycl. of L. 167, 168.) The judgments are affirmed.

All the Justices concurring.