No. 20,941.

H. HALVERSON, *Appellant*, V. QUINCY BLOSSER and CHARLES
BLOSSER, *Appellees.*

SYLLABUS BY THE COURT.

1. AUTOMOBILE—*Injuries While Operated by Other than Owner—Owner's
   Liability.* An owner of an automobile is not liable for injuries caused
   in its operation by others, unless such others were servants or agents
   of the owner and acting in furtherance of his business.

2. SAME. Nor is he liable for injuries negligently caused by persons to
   whom he loaned the automobile to be used for their own purposes,
   where it was not being used at the time of the injury under his direc-
   tion or control or in any way connected with his business.

3. SAME—*Auto Operated by Owner's Minor Son—Owner's Liability.*
   The mere fact that the son of the owner accepted an invitation from
   the borrowers of an automobile to accompany them on a trip, and did
   so on his own initiative, operated the machine a part of the time, and
   was operating it when the injury was caused, does not render the
   owner liable for injuries negligently caused on the trip.

4. SAME—*Negligence—Injuries—Proof of Ownership Alone Not a Prima
   Facie Case Against Owner.* A *prima facie* case was not made out by
   plaintiff when he showed that the defendant was the owner of the
   automobile which caused the injury, where the evidence offered by him
   in the same connection showed that at the time of the injury the auto-
   mobile was being used in the business of the borrowers and not that of
   the owner, and that those operating the machine were not in any way
   under the direction or control of the owner.

5. SAME. To recover against the owner it devolved upon the plaintiff to
   show that the persons in charge of the machine were in some sense the
   servants or agents of the owner and that they were engaged in the
   owner's business.

6. SAME—*Lending Car with Defective Muffler—Owner's Liability.* Under
   the circumstances shown, the owner is not liable for injuries inflicted
   by the persons in charge of the automobile because at the time he
   loaned the machine it had a broken muffler and was noisy in operation.

7. SAME—*New Trial—When Duty of Court to Grant.* If a trial court
   can not approve the verdict of a jury it is its duty to set it aside, and
   an order granting a new trial herein without indicating the grounds of
   the ruling, where two of six grounds of the motion for a new trial
   were that the verdict was contrary to the evidence and the result of
   passion and prejudice of the jury, should not be reversed on this ap-
   peal.

Appeal from Republic district court; JOHN C. HOGIN, judge.
Opinion filed November 10, 1917. Affirmed.

*W. T. Roche,* and *F. L. Williams,* both of Clay Center, for the appellant.

*Nelson J. Ward,* of Belleville, and *R. W. Turner,* of Mankato, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: H. Halverson brought this action against Quincy Blosser and Charles Blosser a minor, to recover damages alleged to have resulted from the negligent driving of an automobile owned by Quincy Blosser. The court sustained a demurrer to plaintiff's evidence as to the defendant Quincy Blosser, and later the jury returned a verdict in favor of the plaintiff against the defendant Charles Blosser, but the court set aside the verdict and granted Charles Blosser a new trial. Of these rulings the plaintiff complains.

Quincy Blosser is the owner of the automobile in question, which he kept for the general use and benefit of himself and the members of his family. The other defendant is his son, who frequently drove the machine. In response to a request from Homer Christensen and Myron Christensen, the owner of the automobile loaned them the use of the machine to make a trip to Manhattan to have an analysis made of the head of a cat that had bitten their father, to determine whether it had hydrophobia. At the invitation of the Christensens, Charles Blosser decided to accompany them on the trip. Quincy Blosser had told the Christensens that his son might go if he so desired, but he was not aware that his son did go until afterward, and the son decided upon his own initiative to make the trip. When the automobile was loaned it had a broken muffler, which rendered its operation very noisy, and the defendants knew of this fact. On the trip the Christensens and Charles Blosser took turns in driving the automobile. On the return trip, while Charles Blosser was driving, they met the plaintiff, his wife and daughter, who were traveling in a surrey drawn by a team of horses. The plaintiff's team became frightened and unmanageable, with the result that plaintiff's wife was injured by the overturning and breaking of the surrey.

It is contended by plaintiff that error was committed in sustaining the demurrer to plaintiff's evidence as against Quincy Blosser. It is insisted that as Quincy Blosser was the owner

of the automobile, and it was being driven by his minor son when the accident occurred, a *prima facie* case was made and that it should have been submitted to the jury. Liability can not result from ownership of an automobile, nor from the relationship of father and son, nor yet from the fact that the son, who chanced to be driving it at the time of the injury, was a minor. Liability of Blosser arises, if at all, on the relation of master and servant or principal and agent, and depends upon whether the son was engaged in the father's business at the time of the accident, and was acting within the scope of his employment. If the son was acting under the direction and control of the father in operating the car which caused the injury, and in furtherance of his business, he may be liable under the general principles governing the relation of master and servant, or principal and agent. If, however, the machine was being used in some way not connected with the father's business, and if the son was acting for himself, or for another, and not under the direction and control of the father, the latter can not be held liable for negligence in its operation.

The evidence shows beyond dispute that the automobile had been borrowed by the Christensens for their own purposes. Defendant did not loan them the son with the automobile, and it appears that they had previously driven the car and knew how to operate it. When the father, who was out in the field and not in the presence of the son, was asked if he had any objections to Charles going with them on the trip, he said Charles was tired and probably would not desire to go, but it was a question for him to decide. It appears, therefore, that Blosser, the owner, had no connection with the transaction out of which the injury arose; that he had no direction or control of the operation of the machine upon the trip to Manhattan; and that his son Charles, who had happened to take the ride with the Christensens, did so on his own initiative, and not as the servant or agent of his father.

Plaintiff argues that a *prima facie* case of liability against the father was established when his ownership of the automobile which caused the injury was shown, and that, therefore, the issue should have been submitted to the jury. His contention is that upon proof of ownership, a presumption at

once arose that his son, operating the machine at the time of the injury, was acting as the servant or agent of his father. Some of the authorities cited by plaintiff are to the effect that when a person is employed for the special purpose of operating an automobile for the owner, the presumption arises that he is operating it in the owner's business or service. (*Hays v. Hogan,* 180 Mo. App. 237; *Purdy v. Sherman,* 74 Wash. 309; *Birch v. Abercrombie,* 74 Wash. 486; *Coal Company v. Rivoux,* 88 Ohio St. 18.)

The Washington cases appear to support the plaintiff's contention, but *Coal Company v. Rivoux,* supra, can not be regarded as a supporting authority. It holds substantially that proof of ownership of an automobile by a defendant, operated by his employee, does not make a *prima facie* case of liability of the defendant for the negligence of the employee, unless it was also shown that the employee was operating the car under the authority of the owner. This holding appears to accord with most of the authorities and to be in line with the general rule in negligence cases, that in order to make out a case against an owner of an automobile it devolves upon the plaintiff, not only to show ownership, but also that the servant or chauffeur in charge of the automobile at the time of the injury was engaged in the business of the owner. (Note, 46 L. R. A., n. s., 1091, where many of the authorities are collected. See, also, *Mirick v. Suchy,* 74 Kan. 715, 87 Pac. 1141; *Reynolds v. Denholm,* 213 Mass. 576; *Hartnett v. Gryzmish,* 218 Mass. 258; *Lotz, Appellant, v. Hanlon,* 217 Pa. St. 339; *McFarlane v. Winters,* 47 Utah, 598; Berry on Automobiles, 2d ed., § 615; Babbitt on Motor Vehicles, § 559.)

Here, however, there is no room for the presumption invoked. In the absence of evidence a fact may be presumed from the existence of other facts and circumstances, but where there is direct and positive proof of the fact there is no place for the presumption. In *Erhart v. Dietrich,* 118 Mo. 418, it was said that—

"Presumptions serve a most useful and indispensable part in the correct decision of many questions, but they are out of place, *when the facts are known, or are admitted.*" (p. 427.)

The ownership of the automobile by Blosser was not in question in the present case. All of the parties agreed from

the beginning that the ownership was in him. There was the same accord as to the purpose for which the automobile was used at the time of the injury, and all of the evidence showed that it was not being used in the owner's service or business on the trip to Manhattan during which the injury was sustained. The circumstances under which the owner's son accompanied the Christensens who borrowed the automobile were not in dispute. In direct connection with the fact of ownership, proof was offered showing that at the time in question the automobile was being used in the business of the Christensens and not at all in that of the owner, and also that none of the persons who went in the machine on the trip were under the direction or control of the owner. This testimony was produced by the plaintiff himself, and when these facts were brought out by the plaintiff, the presumption, if any arose on the basis of ownership, was neutralized. In *Glassman v. Harry,* 182 Mo. App. 304, where a like question was up for consideration, it was said:

"But plaintiff's *prima facie* case rested upon a presumption of fact which supplied the absence of affirmative proof on one point—whether the servant was in the line of his employment—but when affirmative evidence upon that point appeared, the presumption of fact, being no more than a presumption, took flight and disappeared. And with it went plaintiff's *prima facie* case." (p. 308.)

(See, also, *Whimster v. Holmes,* 177 Mo. App. 130; *Mockowik v. Railroad,* 196 Mo. 550; *Gilpin v. M. K. & T. Ry. Co.,* 197 Mo. 319; *Tetwiler v. Railroad,* 242 Mo. 178.)

Plaintiff further contends that where the car of an owner is being used by members of his family or his chauffeur and an injury results from the negligence of those operating it, the owner is liable, and that on the evidence the facts should have been submitted to the jury. A number of cases are cited in support of this claim. *Guignon v. Campbell,* 80 Wash. 543, is cited as an authority that an owner who had purchased an automobile for family use might be held responsible, even in cases where she was unaware of the particular use to which the car was being put. In that case Mrs. Campbell purchased an automobile and it was used for and by the family as occasion might arise. A party was given by the family during her absence, but before her departure consent was given that her daughter, a member of the family, might give a luncheon. An

extra servant was necessary to this luncheon, and a minor son, at the request of the daughter, took the automobile for the purpose of taking the servant to her home. On the way an injury was negligently inflicted. The automobile was bought and kept for family use; it was being driven by the minor son for family purposes at the time of the accident; the owner had authorized its use by her children, and the particular use of it was clearly within that contemplated by her when she left the car in the possession of the children. Unlike the case in hand, the automobile was used by members of the owner's family in carrying on the business for which she kept it; that is, for general family use; while in the present case the Blosser car was being used to carry on the business of a stranger and not that of the owner, and that fact was clearly brought out in the testimony produced by the plaintiff. In the cited case the court remarked, in speaking of the use of the automobile, that "this use of the automobile by her children was not like the use of it by a stranger to whom she might have loaned it." (p. 545.)

Plaintiff calls attention to *Kayser v. Van Nest,* 125 Minn. 277, in which it was held that—

"Where a parent keeps an automobile which he authorizes a child to use for pleasure at any time, and the child operates it so negligently as to cause injury to others, it is error to rule that, as a matter of law, the parent is not responsible for such negligence." (Syl. ¶ 2.)

In that case the car had been kept by the owner, for the use, convenience and pleasure of members of the family, and a daughter who was authorized to use the car, and frequently drove it, took a party of young people out for a ride and on some part of the journey permitted her cousin to drive the car a short distance, during which an injury was negligently caused. The trial court held as a matter of law that the owner was not responsible for the injury, and on appeal the judgment was set aside. The ruling was based upon the ground that the machine having been purchased and kept for family use, the owner's use and business, and there being testimony tending to show that it was being used for that purpose when the accident occurred, the case should have gone to the jury. The same case recognizes the doctrine that the owner can not be held responsible for injuries resulting from the negligence

of the one operating his car, unless the person in charge of it was in some sense the agent of the owner and engaged in the business of the owner at the time the injury occurred. Having purchased the car for family use, the use to which it was being adapted when the accident occurred, it was therefore being used in his business. In the present case, the plaintiff proved clearly that the car which caused the injury was being used in the business of a stranger, with which the owner had no connection.

*Smith v. Jordan,* 211 Mass. 269, cited by plaintiff, was disposed of on the same theory. There an automobile, purchased and kept for general family use, was being used for that purpose when an injury was negligently caused in the operation of the car driven by a son of the owner, and it was held that as the machine was being used by the family for the purpose for which it was bought and was being driven by the son, the only member of the family that could operate it, an inference was warranted that the son was acting for the father and in furtherance of his father's business. The distinction between that case and the present one is apparent.

Other cases cited by plaintiff, to wit: *Bourne v. Whitman,* 209 Mass. 155; *Reynolds v. Benholm,* 213 Mass. 576; *Van Blaricom v. Dodgson,* 115 N. E. (N. Y.) 443; *Premier Motor Mfg. Co. v. Tilford,* 61 Ind. App. 164, appear to be cases in which the testimony tended to show that the automobiles operated by children or chauffeurs of the owners were being used in carrying on the owner's business when the injuries were sustained, and hence, under the testimony, the liability of the owners was a proper question of fact for the determination of juries. In *Premier Motor Mfg. Co. v. Tilford,* supra, it was held that where it was shown that the automobile was not being used at the time of the injury in the owner's employment or in his business, but was being used by some other person on business of his own with which the owner had no connection, it was the duty of the court to direct judgment in favor of the defendant. Many cases relating to the liability of an owner where the automobile is being used by a member of his family are grouped in notes in 41 L. R. A., n. s., 775, and 50 L. R. A., n. s., 59.

Plaintiff further contends that the owner should be held liable for loaning a car with a broken muffler. Because of the absence of a muffler the automobile was more noisy in operation than it would have been if it had been provided with one. The extent of the noise depended on the manner of operating the car. Automobiles and motor-trucks are now in common use and some are much more noisy than others. It is common knowledge that horses have become accustomed to the operation of motor vehicles and pay little attention to them whether much or little noise is made in their operation. It can hardly be held that an automobile with a broken muffler or without one is an inherently dangerous agency, or that the owner of a car is liable for injuries sustained while the car without a muffler was being used by one to whom it was loaned for his own purposes.

It is finally contended that the court erred in sustaining the motion of Charles Blosser for a new trial. Several grounds were alleged, among others, errors in the instructions; in the admission and rejection of evidence; that the verdict was contrary to the evidence; and that the verdict had been given under the influence of passion and prejudice. Upon what ground the ruling granting the new trial was allowed is not shown in the record. The court may have held that some of the testimony was unworthy of belief or that the evidence was insufficient to uphold the verdict. If the court was dissatisfied with the verdict of the jury it was its duty to set it aside. In view of the fact that the grounds of the ruling were not stated, and in view of the discretion vested in the trial court in the granting of a new trial, we can not hold that error was committed in granting a new trial.

The judgment is affirmed.