No. 21,377.

CLYDE E. KNIGHT, *Appellee,* v. FRED J. COSSITT, *Appellant,* et al.

SYLLABUS BY THE COURT.

AUTOMOBILE—*Operated by One Partner—Injury to Third Party—Liability of Other Partner.* On the trial of an action for damages caused by a collision between automobiles, the evidence introduced proved that a father and his 23-year-old son, with the wife of the father, lived together as one family, and that the father and son jointly owned an automobile which was used for family purposes, and, when so used, was ordinarily driven by the son. The evidence also proved that the son used the automobile in his private business; that in the absence of the father, and without his knowledge, the son took the automobile to make a trip of his own; that the mother got into the automobile to ride with him; and that an accident then occurred, which resulted in an injury to the party bringing the action. *Held,* that the evidence was not sufficient to establish the relation of master and servant between the father and the son.

Appeal from Sedgwick district court, division No. 2. THORNTON W. SARGENT, judge. Opinion filed April 6, 1918. Reversed.

*David Smyth,* and *J. W. Smyth,* both of Wichita, for the appellant.

*P. D. Gardiner, H. C. Castor, Kos Harris,* and *V. Harris,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against him in favor of the plaintiff, for damages sustained by the plaintiff in an automobile collision. The vital question presented is the sufficiency of the evidence to sustain the verdict in favor of the plaintiff. Fred J. Cossitt, with his wife, Carrie C. Cossitt, and his son, Bruce Cossitt, who was 23 years old, lived together as a family. Fred J. Cossitt and Bruce Cossitt together owned an automobile. The automobile was used for family purposes, and was also used by Bruce Cossitt in his business of delivering newspapers in the city of Wichita. When used for family purposes, the automobile was ordinarily

driven by Bruce Cossitt, but it was sometimes driven by Fred J. Cossitt.

On October 14, 1915, Bruce Cossitt started with the car to go to the post office to get some mail which he was expecting. His mother went out and got into the car to ride down town. On the way down town the accident occurred for which this action was brought. Fred J. Cossitt was out of the city at the time of the accident and did not learn anything about it until after his return. He knew nothing about the use of the car on that occasion.

If Fred J. Cossitt is liable to the plaintiff, it is because Bruce Cossitt was, at the time of the accident, the servant of Fred J. Cossitt. In *Halverson v. Blosser,* 101 Kan. 683, 168 Pac. 863, this court said:

"An owner of an automobile is not liable for injuries caused in its operation by others, unless such others were servants or agents of the owner and acting in furtherance of his business." (Syl. ¶ 1.)

(See, also, Notes found in 41 L. R. A., n. s., 775; 50 L. R. A., n. s., 59; L. R. A. 1916F, 223.)

Joint ownership of the automobile did not make Bruce Cossitt the servant or agent of his father.

"Where one of two partners or joint owners of an automobile was using it on a pleasure trip of his own, and not on behalf of or within the reasonable scope of any partnership business, the other owner is not liable for damages sustained in a collision through the negligent driving of his coöwner." (*Hamilton v. Vioue,* 90 Wash. 618, syl. ¶ 1.)

A note on the liability arising out of the joint ownership of automobiles is found in L. R. A. 1916E, page 1301. Bruce Cossitt had the right to use the automobile without his father's consent. When Bruce Cossitt was using the automobile in his own business, he was not the servant of his father. The evidence and the eighth finding of the jury show that Bruce Cossitt was using the automobile for his own purposes when the accident occurred. He started to town on his own business; not for the pleasure or convenience of his mother; she went with him. The only evidence to show that the relation of master and servant existed was that which proved that the mother got into the car to ride down town with Bruce Cossitt. That evidence was not sufficient to establish that fact. Bruce Cossitt's part ownership of the car gave him the right to use

it as he saw fit; he could take his mother in the car with him, and not thereby become the servant of his father. It was, therefore, necessary for the plaintiff to do more than prove the family relation existing between Bruce Cossitt and his father and mother, and to do more than prove that the mother was riding with Bruce Cossitt at the time of the accident.

There was no evidence to establish the relation of master and servant, and, therefore, there was not sufficient evidence to sustain the verdict.

The judgment is reversed, and judgment is rendered in favor of the defendant.