No. 21,331.

B. F. WATKINS, *Appellant*, v. JAMES M. CLARK, *Appellee.*

SYLLABUS BY THE COURT.

AUTOMOBILES—*Negligent Operation by Owner's Daughter—Injuries—Liability of the Owner.* The plaintiff sued the defendant for damages for personal injuries suffered in an automobile accident. The fact of the accident was not disputed. The automobile belonged to the defendant, but at the time of the accident was operated by his daughter. The defendant purchased the automobile for the use of his family. His daughter had general permission, implied at least, to use the car whenever she desired, and she used it, with her father's assent, whenever it suited her pleasure. Other members of the family used it as they pleased. *Held*, a demurrer to the plaintiff's evidence, which disclosed nothing further in reference to the defendant's relationship to the use of the car at the time of the accident, was properly sustained.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed November 9, 1918. Affirmed.

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellant.

*James V. Humphrey,* and *Arthur S. Humphrey,* both of Junction City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries which the plaintiff suffered in an automobile accident. A demurrer to the plaintiff's evidence was sustained, and he appeals.

The fact of the accident was not disputed. The automobile belonged to the defendant, but was operated by his daughter, a minor. The defendant purchased the automobile for the use of his family. His daughter had general permission, implied at least, to use the car whenever she desired, and she used it, with her father's assent, whenever it suited her pleasure. Other members of the family used it as they pleased. On the occasion in question the daughter was out on a pleasure trip of her own, and was accompanied by another young lady.

The foregoing facts were embraced in the opening statement

of the defendant's attorney to the jury, and the plaintiff's evidence added nothing to the admitted relationship of the defendant to the car and its use.

The demurrer to the evidence was properly sustained. There was neither admission nor evidence to submit to the jury proving, *prima facie* or otherwise, or tending to prove, that the defendant's daughter was acting for him as agent, or servant, or in any other representative capacity, or under his direction or control, or in any joint enterprise from which agency might be implied. (*Halverson v. Blosser,* 101 Kan. 683, 168 Pac. 863.)

The automobile was not a dangerous instrumentality which the defendant let loose in the community. The automobile was not a guilty agent in the accident, bringing punishment on the owner like the deodands of English law. Mismanagement by the driver was the cause of the accident. The purchase of the automobile by the defendant for the use of his family, including his daughter, operated as a gift to them of the right to use it. When using it to accomplish his purposes, whether business or pleasure, they represent him, but when they exercise their privilege and use it to accomplish their own distinct purposes, whether business or pleasure, they act for themselves, and are alone responsible for their negligent conduct. The fact that the automobile was purchased for use by the owner's family did not make him generally responsible for its subsequent operation, and because the car was subject to appropriation by the members of his family for their own use, there is no presumption that any particular trip was made in his behalf. The use made of the car on any particular occasion is a question of fact, to be determined by evidence showing the fact, and in this instance there was no evidence that anybody was concerned except the daughter.

The development of the law on this subject has been attended by a rather slow process of clarification. When the automobile was new and strange, and was regarded with some wonder and considerable fear, there was a tendency to look upon it as a dangerous thing, fraught with such possibility for harm that the owner should always be held responsible for its use. When it commenced to take the place of the family horse, this view had to be abandoned. The notion, however, of general liability on the part of the owner for use of his car having been planted

Watkins v. Clark.

in the mind, it lingered there like a superstition. Courts were reluctant to ignore it, and as a result, an adaptation of the law of master and servant, and principal and agent, was resorted to, to explain the liability. If a man purchased an automobile and allowed his wife and his son and his daughter to use it, the use was his by virtue of representation, whether representation existed in fact or not. The deduction was facilitated by employment of the fine art of definition—putting into the definition of the term "business" the attributes necessary to bolster up liability. So, if daughter took her friend riding, she might think she was out purely for the pleasure of herself and her friend, but she was mistaken; she was conducting father's "business" as his "agent." As this incongruity became more and more apparent, a further concession was sometimes made. If the owner allowed a member of his family to use the automobile, he might not be liable, but it was "presumed" the use was his by representation. If son took his best girl riding, *prima facie* it was father's little outing by proxy, and if an accident happened, *prima facie* father was liable. Some courts were inclined to get rid of the difficulty of resting liability on the one existing fact—ownership of the car—by declaring that the question of "agency" was one for the jury—a process known in some quarters as "passing the buck." The sooner the courts settle down and deal on the basis of fact and actuality with a vehicle which has revolutionized the business and the pleasure of the civilized world, the better it will be, not only for society, but for the courts.

The judgment of the district court is affirmed.