No. 22,071.

MINNIE STAFFORD, *Appellee,* v. S. S. NOBLE, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Automobile — Liability of Owner for Daughter's Negligence.* On the day of a certain election a campaign committee requested the use of the defendant's car for the afternoon. The defendant, who had purchased it for the use of his family, consented that such car, driven by his sixteen-year-old daughter, be used as requested. The daughter reported with the car to the committee, who gave her names of persons to go after, and while on her way, as thus directed, she collided with and injured the plaintiff. *Held,* that as she was not at the time acting as agent for her father, or under his direction or control or in any way connected with his business, he is not liable.

2. SAME—*Evidence—Instruction.* Certain references to a casualty company, having been withdrawn and the jury properly instructed thereupon, no material error appears in respect thereto.

3. SAME—*Pleadings—Allegations of Agency.* The amended petition examined, and held not to allege agency of the defendant's daughter so as to require a denial under oath, even if the point were not raised here for the first time.

4. SAME — *Evidence — Examination of Plaintiff by Physicians.* Physicians who examined the plaintiff testified as to the examination and the results thereof, some of such testimony being to the effect that she was not injured. On rebuttal, the plaintiff described the method of the examination and the effects thereof. *Held,* that such evidence was competent; the alleged manner of giving such evidence being beyond our control.

5. SAME—*Certain Rulings of Court Not Error.* The claims of error in refusing judgment on the findings and for excess of verdict held insufficient to require a reversal.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 5, 1919. Reversed.

*David Smith,* and *J. W. Smith,* both of Wichita, for the appellant.

*John Madden, C. E. Cooper,* and *John Madden, jr.,* all of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued for damages caused by a collision with the defendant's car, driven by his daughter. The

jury returned a verdict for $2,500, which was by the court reduced to $1,800. The defendant appeals.

The petition alleged that the daughter, Dorothy, a young lady of sixteen, was authorized by the defendant to use the car at any time suiting her convenience, for her own purpose, and for the pleasure of her friends and the members of the family; that on the day of the accident the car was in charge and under the control and management of the daughter, who was operating the same under this authority of the defendant for her pleasure and comfort and that of a young lady friend with her, and for the further purpose of returning to the office to take her father home.

On the day in question word came to the defendant's office that the manager of a campaign committee, working in an election held that day, requested the use of his car for the afternoon. On this request being communicated to him, he replied that it would be all right. His bookkeeper then said that the committee would have to wait until the daughter returned from high school, as she had the car. On coming with the car, the daughter was told by the bookkeeper that she was to take the car to the campaign manager's office and report to him, and that another young lady could go with her. The car was taken to the manager's office, and the latter gave the daughter a list of names and told her to go for the persons named.

The jury found that at the time of the accident the car was going—

"To Fourth Block North Main to get some one.

"9. Had the defendant loaned his car to a campaign committee to be used in a city election on the afternoon of the accident? Answer: Yes.

"10. Was it being used for that purpose at the time of the accident? Answer: Yes.

"11. Was the driver of the car proceeding to carry out the orders or directions of the campaign committee, or some of them, at the time the accident occurred? Answer: Yes, secondarily."

The defendant testified as follows:

"Q. Now, doctor, you said that you had loaned this car to the campaign committee that afternoon? A. Yes, sir.

"Q. Now who was driving the car? A. My daughter was driving it. . . . They called up from the campaign office and my bookkeeper answered the phone, and the bookkeeper asked me if the campaign com-

Stafford v. Noble.

mittee could have the use of the car. I said, 'I have no objection.' She said, 'Then I will tell Dorothy as soon as school is out and send her down.'

"By the Court: Who said this? A. That was my bookkeeper, Mrs. Hawks.

"By the Court: She said, 'I will tell Dorothy.' Your bookkeeper said that? A. Yes, I had no other knowledge of that other than that fact.

"Q. You say your bookkeeper said, 'I will tell Dorothy to drive the car?' A. No, to report with the car to the campaign headquarters.

"Q. And you stated to the bookkeeper that that was all right, did n't you? A. I told her that was all right. I said, 'I have no objection.' "

The court gave the following instructions:

"If you find and believe from the evidence that the defendant, S. S. Noble, loaned or hired his automobile to the Election Committee and directed and consented that his daughter, Dorothy Noble, should be in charge thereof, he would be liable to the plaintiff for the negligent acts of the said Dorothy Noble in the operation of said car, if you find that the committee had no control over her except as to when and where the car should be driven. Under such circumstances if the Committee exercised no control over the driver of the car other than telling her in a general way where to go, she would be acting under the directions of her father so far as the operation of the car was concerned and if negligent in its operation and management and the plaintiff was injured, the defendant, S. S. Noble, would be liable therefor, notwithstanding that he had loaned the car to the Election Committee."

"If you find that at the time of the injury Miss Noble was driving the car about her father's business or for her own pleasure or convenience as a member of her father's family, the defendant would be liable for the negligence, if any, of his daughter in driving the car."

The following requested instruction was refused:

"You are instructed that the defendant cannot be held liable in this case for any injury or damages the plaintiff may have sustained, if any, because he owned the automobile, or because his daughter was driving the car, but to entitle the plaintiff to recover she must prove, by a preponderance of the evidence, that at the time of the injury the driver was the servant or agent of the defendant, and was at the time engaged in his business or affairs, and while so engaged the injury resulted from her negligence."

In accordance with our former decisions, we hold that the requested instruction, rather than the one given, correctly stated the law. In *Halverson v. Blosser*, 101 Kan. 683, 168 Pac. 902, it was declared that:

"An owner of an automobile is not liable for injuries caused by its operation by others, unless such others were servants or agents of the owner and acting in furtherance of his business." (Syl. ¶ 1.)

Also, that such owner is not liable when the car, at the time of

the injury, was not being used under his direction or control or in any way connected with his business. (Syl. 2.)

In the opinion it was said:

"If, however, the machine was being used in some way not connected with the father's business, and if the son was acting for himself, or for another, and not under the direction and control of the father, the latter cannot be held liable for negligence in its operation." (p. 685.)

Many cases were cited, many distinctions noted, and the conclusion indicated was the considerate and unanimous opinion of the court.

*Zeeb v. Bahnmaier,* 103 Kan. 599, 895, 176 Pac. 326, 643, was to the effect that a father who rode to church in his own car, on the invitation of his adult son, who had the control and management of it, was not liable for an injury caused by the son's negligence, the father having nothing to do with the operation or control of the car at the time. In the case of *Watkins v. Clark,* 103 Kan. 629, 176 Pac. 131, the car which caused the accident was operated by the daughter of the defendant, who had purchased it for the use of his family. She had been given permission to use the car whenever she desired. Likewise, other members of the family. When the injury occurred the daughter was going on a pleasure trip accompanied by another young lady. There was no attempt made to show that she was acting for her father as his servant, or in any other capacity, or under his direction or control, and it was held that the father was not liable.

In this case the evidence and findings show that the defendant let the committee have the use of his car, and permitted his daughter to drive it wherever and for whomsoever the committee directed, and that while thus engaged the injury occurred. There is nothing to indicate that the daughter was in any wise engaged in the transaction of her father's affairs, or acting as agent for him. True, she was acting by his permission, but acting for and on behalf of the committee, and carrying out its directions only. This brings the matter within the rule already referred to, and the failure thus to instruct was material error.

It was not a case of an owner hiring out a vehicle with a driver, like the cited case of *Little v. Hackett,* 116 U. S. 366, or *Frerker v. Nicholson,* 41 Colo. 12. Of course, when the owner hires his vehicle and driver to another for a stated compensa-

Stafford v. Noble.

tion, it necessarily follows that the driver is his agent, at least for certain purposes, while carrying out such contract of hiring, and is engaged in earning the compensation for the owner, but mere gratuitous lending of the car with the driver to another to be used solely for his benefit and under his direction does not involve such an agency as a hiring in the case referred to.

It is insisted by counsel for the plaintiff that the daughter's agency for her father was alleged in the amended petition, and not denied in the answer, and, hence, must be taken as true. The allegation is that the defendant—

"Was. the owner of an automobile which he had purchased for the pleasure, comfort and convenience of himself and members of his family; that his minor daughter, Dorothy, a young lady of about sixteen (16) years of age, and a member of the family of the defendant, was authorized by the defendant to use said automobile at any time that suited her convenience for her own purpose, and for the pleasure of her friends and members of the family; . . . that on said day . . . said car was in charge of and under the control and management of Dorothy Noble, who was operating the same under said authority from the defendant, for her pleasure and comfort, and that of a young lady friend who was with her, and for the further purpose of returning to the office and taking her father, the defendant, home from his place of business."

This amounts to an allegation that the daughter had general authority to use the car for her own pleasure, and that of her friends, and that at the time of the accident she was using it for this purpose. Such general authority was not denied and is not disputed, but it was denied and is disputed that she was thus using the car at the time of the injury, and that she was using it for the purpose of returning to the office and taking her father home. The alleged power or authority was not denied, but the allegation that she was at the time acting under this power and authority was not a matter which had to be denied under oath or taken as true; besides, the question appears to be raised here for the first time, which precludes our giving it consideration.

Complaint is made that certain references were made during the trial to a casualty company, but such references, which were slight, seem to have been by the court stricken from the record, and the jury admonished to pay no attention to them, excepting in one instance, when a mere mention of a casualty company does not seem to have been objected to, and no harm appears to have resulted.

The defense offered the evidence of certain physicians who had made an examination of the plaintiff, and who told about the results. Considerable of this evidence was to the effect that no substantial injury was found. Upon rebuttal, the plaintiff was asked to tell what the doctors did, and she described what might be deemed severe treatment and the effects thereof. It is claimed that this was done in a hysterical and dramatic manner, that it was very prejudicial, and that it was not proper rebuttal testimony in any event. The manner of the recital, of course, is beyond our control. The plaintiff's version of the incident itself and its effects were proper to be given, in order that the jury might correctly judge as to her real condition at the time of the examination.

Complaint is made that the defendant's motion for judgment on the special findings was overruled, notwithstanding answers to certain questions to the effect that the car was being used on behalf of the committee when the accident occurred; but the jury also found that the driver at the time was carrying out the orders or directions of the campaign committee "secondarily," thus leaving the implication, at least, that primarily she was acting under the directions of her father. It is also contended that the verdict was excessive. Neither point is deemed sufficient for a reversal.

Certain other rulings as to instructions are complained of, but as they are practically in line with those already passed upon, separate consideration need not be given them.

The judgment is reversed, and the cause is remanded for further proceedings in accordance herewith.