No. 23,057.

FRED PHILLIPS, *Appellee,* V. ARMOUR AND COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Employer Transporting Employee from Home to His Work—Injury to Employee.* A packing company employed a transfer company to convey its employees to and from their work and directed and controlled the transportation. *Held,* that having assumed the responsibility of the transportation of its employees the company owed them the duty to provide vehicles that were reasonably safe and the obligation to see that the drivers should exercise reasonable care in operating them.

2. SAME—*Relation of Master and Servant Existed—Liability of Master.* As the relation of master and servant existed between the packing company and its employees, the former cannot be absolved from liability for the negligent operation of the vehicles because they were owned by another.

3. SAME — *Instructions — Evidence — Verdict.* Questioned instructions given to the jury are held to be without error, and the verdict is found to be supported by sufficient evidence.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 12, 1921. Affirmed.

*P. W. Croker,* and *W. W. Holloway,* both of Kansas City, for the appellant; *Harry P. Beam,* of Chicago, Ill., of counsel.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff suffered an injury while being transported to his work in a conveyance provided by the

defendant, and the latter appeals from an award of damages to the plaintiff.

Because of a street-car strike which obstructed transportation of the employees of the defendant to and from their homes and the packing plant, defendant employed persons having motor vehicles to transport them.  On these vehicles were placed banners marked "Armour & Company."  The one on which plaintiff was riding when injured was furnished to the defendant by the T. A. Powell Transfer Company and was operated by a driver furnished by that company.  In collecting and transporting the employees the vehicle reached the home of plaintiff at 5:45 a. m., before daylight.  It was then already crowded, and the result was that plaintiff was compelled to take a seat on the end gate of the vehicle with two other employees.  On the way to the packing plant and while traveling at a high rate of speed over a rough street intersection the chain supporting the end gate broke and plaintiff was thrown to the pavement and seriously injured.  He alleged that the vehicle was operated for the benefit and under the control of the defendant and that the driver while acting within the scope of his employment by the defendant negligently caused the vehicle to be overloaded and driven negligently and at a high and dangerous rate of speed over a street with ruts and holes in it, and that the end gate on which plaintiff was riding was not supported with a proper chain.

The answer and contention of the defendant was that the Powell Transfer Company was an independent contractor and that its failure to exercise ordinary care was not the negligence of defendant.  The jury found in effect that the driver of the vehicle was the employee of the defendant, and that while the defendant did not give the driver any instructions as to the care to be exercised in the traffic it should have done so.

There was manifest negligence in the transportation of the plaintiff to his work, and the question which divides the parties is, What was the duty and obligation of the defendant towards him?  Can the defendant escape liability for the negligence because it had employed the transfer company to transport its employees to their work?  The company assumed the responsibility of carrying the plaintiff and other employees to and from their work and it provided the instrumentalities by

which they should be carried. The plaintiff had nothing to do with the selection of the persons who drove the vehicles nor of the instrumentalities of transportation. These selections were made by the defendant. While the vehicles and the drivers were furnished to the defendant by the transfer company, the latter had no control over either from the time they went to the packing plant until they returned after the work was done. Under the arrangement the drivers reported to the defendant and it gave them instructions as to the loading and transportation of employees. Upon arrival at the plant the foreman of the defendant took charge of the vehicles, marked them with the name of the defendant and gave the drivers orders what to do and where to drive. The drivers were therefore the agents of the defendant and the vehicles were its instrumentalities, and having thus assumed the duty of carrying the employees to their work the latter had the right to assume that the company would select instrumentalities that were reasonably safe and that the drivers would exercise reasonable care in carrying out the duties assumed by the company. Having taken upon itself the responsibilities of the transportation the defendant owed its employees the duty to inspect the instrumentalities used in it and to see that the traffic was as carefully conducted as if the vehicles had been owned by it or been driven by its foreman or other employees. The relation of master and servant existed and the defendant could not rid itself of responsibility for the safety of employees because the vehicles in which they were carried were owned by another. (*Railroad Co. v. Penfold*, 57 Kan. 148, 45 Pac. 574; *Central Railway Co. v. McClifford*, 120 Ga. 90.) The control of the transportation was reserved to the defendant and the result as well as the manner of performance was actually controlled by it. In no sense can the transfer company be regarded as an independent contractor (*Railroad Co. v. Madden*, 77 Kan. 80, 93 Pac. 586), and the employment did not affect the relationship of master and servant that existed between the plaintiff and the defendant nor did it absolve the defendant from liability for the negligent transportation. In such an arrangement the doctrine of what is termed the livery-stable cases cited by the defendant does not apply, and obviously the cited cases of *Halverson v. Blosser*, 101 Kan. 683, 168 Pac. 863, and *Stafford v. Noble*, 105

Kan. 219, 182 Pac. 650, where the automobiles were operated by persons not engaged in the business of the owner and were not under the direction and control of the owner when the negligent injuries were inflicted, can have no application.

The instructions of the court fairly presented the issues of the case to the jury, and the evidence appears to be amply sufficient to support the verdict.

The judgment is affirmed.