No. 24,063.

FRANK THOMPSON, *Appellant*, v. KANSAS CITY RAILWAYS COMPANY, LOUIS FINCKE, a Minor, by C. W. FINCKE, his Next Friend, and C. W. FINCKE, *Appellees*.

SYLLABUS BY THE COURT.

AUTOMOBILE—*Negligent Operation by Owner's Minor Son—Injuries—Owner Not Liable.* This court having already rejected the "family purpose" doctrine, it is held that one who owns an automobile which he does not drive himself, and which is intended and used for the benefit of his family, is not liable for the result of negligent driving by his minor son while on a trip which he did not direct and of which he had no knowledge, undertaken by the son for the purpose of returning to his home a relative who had been visiting the family.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 10, 1923. Affirmed.

*James M. Meek,* of Kansas City, and *Edward E. Naber,* of Kansas City, Mo., for the appellant.

*D. F. Carson, C. A. Miller,* and *C. C. Glandon,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

MASON, J.: Frank Thompson was injured by being run into by an automobile belonging to C. W. Fincke and driven by his twenty-year-old son, Louis Fincke. He brought this action against both. A demurrer of the father to the plaintiff's evidence was sustained, and the appeal is from that ruling.

The evidence showed these facts: The father could not drive the car himself. It was driven chiefly by Louis. His father frequently rode with him. No other member of the family had learned to drive it except the next older son. It was a family car. The family consisted of the parents, three sons and two daughters, Louis being the youngest child. Louis was not in the habit of asking his father about taking the car out, but took it out whenever necessary or when he wanted to use it. The accident occurred while Louis was driving back to Kansas City from a trip to Dallas, Mo., which he took for the purpose of taking home a cousin who had been visiting at the Fincke home, being accompanied by two other cousins who were also visiting there. Louis did not ask his father if he could take the car. His father knew nothing about his going to Dallas, or of his having the car out. On that day he was not on any errand for his

Thompson v. Railways Co.

father. The trip was for his own pleasure and for the pleasure and convenience of his cousins.

The theory upon which the claim against the father is based is thus stated in the plaintiff's brief:

"Appellant contends that the head of a family purchasing a motor car for the exclusive use and pleasure of himself and members of his family, which is operated solely by members of his family, and particularly a minor son, becomes liable for injuries or damages resulting from the negligent use of such car while such car is being used for the purpose for which it was bought, and in the use for which it was intended by the owner."

This is a statement of the "family purpose" doctrine, upon the soundness of which the courts are in disagreement, but which this court has definitely rejected. (*Watkins v. Clark,* 103 Kan. 629, 176 Pac. 131; see, also, *Zeeb v. Bahnmaier,* 103 Kan. 599, 176 Pac. 326; *Stafford v. Noble,* 105 Kan. 219, 182 Pac. 650.) The cases on the subject are collected and classified in recent A. L. R. notes found in the volumes and pages indicated. (5-226, 10-1449, 14-1087, 19-387, 20-1469.) In the first of these notes the doctrine is defined and commented upon in these words:

"This doctrine holds the owner of an automobile, which was purchased and maintained for the pleasure of his or her family, liable for injuries inflicted by the machine while it is being used by members of the family for their own pleasure, on the theory that the car is being used for the purpose or business for which it was kept, and that the person operating it is, therefore, acting as the owner's agent or servant in using it. . . . A direct conflict exists among the courts concerning the doctrine under consideration; some have squarely rejected it, while others have as unqualifiedly approved and adopted it. The doctrine undoubtedly involves a novel application of the rule of *respondeat superior,* and may, perhaps, be regarded as straining that rule unduly." (pp. 226, 227.)

The plaintiff suggests that this case may be distinguished from those decided by this court already cited, upon the ground that here the trip in the course of which the accident occurred was for the benefit of persons who were visiting at the home of the owner—specifically of returning one of them to his own home. We do not regard this circumstance as tending to show that the car was being used upon an errand for the head of the family any more than if all the passengers had been members of it.

The appellee died after the submission of the case and a revivor has been had, which of course has no effect upon the questions involved in the appeal.

The judgment is affirmed.