No. 25,833.

Patrick Daily, *Appellee,* v. P. P. Schneider, *Appellant.*

#### syllabus by the court.

1. Automobile—*Negligent Use by Minor Son—Family-purpose Doctrine.*   The family purpose doctrine, under which an owner of an automobile purchased for the use and pleasure of his family is held to be liable for injuries inflicted while it is being used by members of his family for their own business or pleasure, on the theory that the automobile is being used for the purpose or business for which it was kept, and that the member of the family operating it at the time of the injury is therefore acting as the owner's agent or servant, does not obtain in this state.

2. Same—*Liability of Parent for Negligent Driving of Minor Son.*   A parent is not liable for the negligence of his minor child in driving the parent's automobile without his consent and in violation of an express command, merely because the car was accessible to the child and the owner had knowledge that the son had previously taken out the car in disregard of his orders.

3. Same—To make him liable for the negligent acts of the child in driving the automobile it must be shown that it was used with the express or implied consent of the parent and in furtherance of his business.

4. Same—*Instructions.*   The giving of an instruction inconsistent with the rules stated is held to be error.

Appeal from Marion district court; Cassius M. Clark, judge.   Opinion filed April 11, 1925.   Reversed.

*W. H. Carpenter,* and *W. R. Carpenter,* both of Marion, for the appellant.

*Joe E. Lynch,* of Herington, and *Braden C. Johnston,* of Marion, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.:   This is an action by Patrick Daily against P. P. Schneider, to recover damages sustained when he was struck and injured by the automobile of defendant, driven by his son.   Plaintiff obtained a judgment from which defendant appeals.

It appears that defendant had taken his wife to a hospital in Herington, about twenty miles away.   John Schneider, an adult

married son, lived in Herington, and Jonathan, who was thirteen years old, as well as the defendant, stayed temporarily at the home of John while they were in Herington. The automobile of defendant was kept in John's garage when not in use. The defendant remained in Herington only about a week after his wife was taken to the hospital, and then returned to his home, and while he was in Herington he was driven to the hospital by Jonathan once or twice a day. Jonathan usually drove the car, as the defendant could not drive it. Other members of the family were driven to the hospital to visit the mother. On the day of the accident Jonathan went alone to the hospital to take some food to his mother, which had been prepared by Mrs. John Schneider, and when he arrived there his mother requested him to go to the house of a friend to get some rye bread which she wished to have, and it was on this trip that the automobile was driven against the plaintiff. He was an employee of the railway company and was acting as flagman at the point where the railway crosses Walnut street. Just prior to the accident there had been switching on the railway over the street, and a passenger train was due to pass. According to plaintiff's testimony, he was standing about eight feet from the curb of the pavement with flag in hand when two automobiles approached, one driven by Mrs. Tripp and the other by Jonathan. Mrs. Tripp's car was ahead and Jonathan's was following her. Just as they approached the crossing near which plaintiff was standing, Jonathan undertook to pass the Tripp automobile, and instead of turning to the left he turned suddenly to the right, driving at a rapid rate, when he collided with the plaintiff.

There was a demurrer to plaintiff's evidence, the overruling of which is assigned as error. Under the evidence there can be little question but that there was culpable negligence of the driver of the automobile and of liability of the defendant if he is responsible for the negligence of his son. It was at least a question of fact for the determination of the jury, and whether or not there was contributory negligence was likewise a jury question under the evidence.

The principal error assigned arises on the instruction given to the jury, it being claimed that the case was submitted on the family-purpose doctrine, regardless of the fact that the automobile was used without the owner's consent or knowledge and not in furtherance of his business. The pertinent part of the instruction follows:

"You are instructed that before the plaintiff may recover at your hands you must find from a preponderance of the evidence that the injuries complained

of were the proximate result of the carelessness and negligence of the defendant's son and that the carelessness and negligence of the plaintiff did not contribute to such injuries. In the event that you determine that such injuries were the result of the carelessness and negligence of the defendant's son and without contributory negligence on the part of the plaintiff, you should next inquire as to whether or not such carelessness and negligence on the part of the defendant's son are chargeable to the defendant. In this connection you are instructed that if at the time of the injury complained of the car of the defendant was being driven by his son in taking food to his mother at the hospital in Herington, and that the defendant had left said car at Herington and accessible to his son, knowing that his son was in the habit of driving said car, and under such circumstances that he might reasonably anticipate that his son would use said car for such purposes, then and in that event any negligence on the part of his son in so using said car for the purpose of taking food to his mother would be attributable to the defendant, and he would be liable therefor to the same extent as if he personally had been the negligent party. In this connection, and as bearing upon the question as to whether or not the defendant might reasonably have anticipated such use of said car, you have a right to take into consideration any disposition that the defendant may have made of said car and any instructions that he may have given his son in regard thereto. And if you find that such carelessness and negligence of the defendant's son was not under such circumstances as to be chargeable to the defendant, then the plaintiff cannot recover and your verdict should be for the defendant."

The appropriateness of the instruction depends, of course, on the defense made by the defendant and the evidence offered in support of his defense. In his answer he alleged that his son was not acting for him in any way or by his authority when the accident occurred; that he did not know that his son was driving the car, but at the time was many miles away. He produced testimony to the effect that when he was in Herington he left the car in charge of his adult son John, with directions not to allow his minor son Jonathan to run it; that it was left with John to use while his wife was at the hospital; that the car was in John's garage, which was locked up, but the key was hanging near the door, and Jonathan, without anybody's consent, unlocked the door, took the car out and drove it on the day of the accident; that the defendant never allowed the boy to drive it when he was alone, and that neither the mother nor other members of the family directed or consented to the use of the car by Jonathan on that day. There was testimony, it is true, that he had driven alone to the hospital many times, but the defendant was entitled to an instruction on the theory of his defense, supported as it was, by competent evidence. The instruction, in effect, makes the defendant liable for the son's acts although the automobile was

taken out without his consent and contrary to his instructions, if it was accessible to the son and there was reason to anticipate that he might use it contrary to his directions.

So far as the family-purpose doctrine is concerned, it has been definitely rejected in this state. (*Halverson v. Blosser,* 101 Kan. 683, 168 Pac. 863; *Watkins v. Clark,* 103 Kan. 629, 176 Pac. 131; *Thompson v. Railway Co.,* 113 Kan. 74, 213 Pac. 633.) In *Halverson v. Blosser,* supra, it was held that—

"An owner of an automobile is not liable for injuries caused in its operation by others unless such others were servants or agents of the owner and acting in furtherance of his business." (Syl. ¶ 1.)

In the opinion it was held substantially that proof of ownership of the automobile by the defendant operated by his employee does not make out a *prima facie* case of liability, nor does the mere relationship of the parties. In order to make out a case against the owner it devolves not only on the plaintiff to show ownership, but also that the person in charge of the automobile at the time of the injury was acting with authority or engaged in the business of the owner. In *Knight v. Cossitt,* 102 Kan. 764, 172 Pac. 533, an automobile owned by the father and son, used for family purposes, was ordinarily driven by the son, and on an occasion the latter drove the car to a town on his own business. His mother got into the car to ride downtown with the son, and on the way an injury was inflicted on a pedestrian. The father knew nothing of the use of the car on the occasion, and an attempt was made to hold him responsible for the injury, mainly on the ground that the mother was in the car when the accident occurred, but it was held that the fact that the car was used for family purposes and that the mother was riding in the car when the injury was inflicted did not make the son the servant of his father or make the father liable for the damages caused.

In *Watkins v. Clark,* supra, the defendant purchased an automobile for the use of his family, and a minor daughter had permission from him to use the car whenever it suited her pleasure. While the daughter was out on a pleasure trip with another, an accident causing injuries occurred. No circumstances other than has been stated were shown to establish that she was acting as the agent, servant or representative of the father, or under his direction or control. In dealing with the responsibility of the father it was said:

"When using it to accomplish his purposes, whether business or pleasure,

they represent him, but when they exercise their privilege and use it to accomplish their own distinct purposes, whether business or pleasure, they act for themselves, and are alone responsible for their negligent conduct. The fact that the automobile was purchased for use by the owner's family did not make him generally responsible for its subsequent operation, and because the car was subject to appropriation by members of his family, for their own use, there is no presumption that any particular trip was made in his behalf." (p. 630.)

In *Stafford v. Noble,* 105 Kan. 219, 182 Pac. 650, an owner purchased a car for family purposes and had consented that it be used by a minor daughter at her convenience. At an election a campaign committee requested the use of the car to carry voters to the polls, and the father, learning of the request, said he had no" objection to such use by his daughter. The daughter drove the car on that mission, and on one of her trips collided with and injured the plaintiff. It was held that the daughter was not acting as the agent for her father or under his direction or control or in furtherance of his business, and that to recover it was necessary for the plaintiff to prove that the daughter was the servant or agent of the father and was engaged at the time in his business or affairs and while so engaged the injury resulted from her negligence.

In the late case of *Thompson v. Railways Co.,* supra, a family car was driven by the son; as neither the father nor other member of the family had learned to drive it. The son took the car out whenever he wanted to use it without asking or obtaining the permission of the father, but his father frequently rode with him. Without permission of the father, the son took the car out for the purpose of taking home a cousin who had been a guest of the family and in the course of the trip an accident occurred. The trip was held to have been for the pleasure of the son and his cousin, and that the father could not be held liable for the negligent driving of the son on a trip which the father did not direct and of which he had no knowledge. See, also, *Mirick v. Suchy,* 74 Kan. 715, 87 Pac. 1141; *Zeeb v. Bahnmaier,* 103 Kan. 599, 176 Pac. 326.

Of course there may be implied as well an express authority for the driving of the car by the minor son, and if it were shown that the car which was left to be used for the benefit of the mother and to enable members of the family to visit and minister to the mother in the hospital, and it was further shown that the father knew that his minor son frequently took the car and drove alone to the hospital, it would tend in some degree to show implied authority in the

son to so use it in the furtherance of the business for which it had been left in Herington.

The instructions complained of, however, contrary to the authorities cited, leaves out the element of authority and would make the defendant liable although the car was used without the consent of the defendant and in violation of his express command. It would make him liable because the car was accessible to the son, who was in the habit of driving it. The instruction does not provide that the father in leaving the car where the son might break in and obtain it should only be liable for ordinary negligence in the precautions taken to lock it up or prevent its improper use by the son. In any view, the father would only be liable for failure to use ordinary care in that respect.

For the error in the instructions the judgment is reversed and the cause remanded for a new trial.