No. 27,231.

Patrick Daily, *Appellant*, v. P. P. Schneider, *Appellee*.

(260 Pac. 609.)

SYLLABUS BY THE COURT.

Parent and Child—*Parent's Liability for Torts—Negligent Driving of Automobile—Evidence of Consent*. The evidence for plaintiff introduced and offered on the second trial of an automobile accident case (*Daily v. Schneider*, 118 Kan. 295, 234 Pac. 951), considered, and held to be insufficient to show liability of defendant.

Appeal from Marion district court; Cassius M. Clark, judge. Opinion filed November 5, 1927. Affirmed.

*Joe E. Lynch*, of Herington, for the appellant.

*W. H. Carpenter, W. R. Carpenter* and *John E. Wheeler*, all of Marion, for the appellee.

The opinion of the court was delivered by

Burch, J.:    Daily sued Schneider for damages sustained when Daily was struck and injured by Schneider's automobile, driven by Schneider's thirteen-year-old boy. At the first trial the court instructed the jury according to the family-purpose doctrine, and judgment was rendered for plaintiff. On appeal the judgment was reversed because the instruction was erroneous. (*Daily v. Schneider*, 118 Kan. 295, 234 Pac. 951.) At the second trial the court sustained a demurrer to plaintiff's evidence, and the present appeal is from that ruling. Error is also assigned on rulings of the court refusing to permit plaintiff to introduce certain testimony.

Plaintiff's evidence discloses all the facts stated in the first opinion. If plaintiff's evidence relating to the express limitations on the boy's authority to use the automobile were omitted, and all the evidence introduced and offered relating to his use of the automobile were considered, there would still be no proof that, at the time of the accident, the boy was using the automobile with his father's consent, express or implied, in furtherance of his father's business.

The judgment of the district court is affirmed.

Motor Vehicles, 42 C. J. p. 1233 n. 24.   Parent and Child, 29 Cyc. p. 1665 n. 5