No. 22,246.

THOMAS W. BOWER, Jr., *Appellant*, v. THE UNION PACIFIC RAILROAD COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

NEGLIGENCE OF COMMON CARRIER—*Not Imputable to Shipper of Goods*. The negligence of a common carrier is not imputable to the shipper so as to prevent the latter from recovering damages from another carrier or third person through whose negligence, with that of the first carrier, the goods have been injured.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed March 6, 1920. Reversed.

*James V. Humphrey*, and *Arthur S. Humphrey*, both of Junction City, for the appellant.

*R. W. Blair*, *T. M. Lillard*, and *O. B. Eidson*, all of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is a companion case to the preceding one, but the question involved is wholly different. It is, whether the negligence of a carrier is imputable to the shipper so as to prevent the latter from recovering damages from another carrier or third person through whose negligence, with that of the first carrier, the goods may have been injured? Acker, the plaintiff in the preceding case, was a common carrier of goods by means of trucks. Bower was the owner of the goods being transported and which were damaged by the collision of the truck and the defendant's train. In this case the demurrer to the evidence was sustained upon the theory that the negligence of Acker and his driver is imputed to Bower, who brings the case here for review.

In support of the court's ruling the railway company makes the contention that the rule which permits one injured by the concurrent negligence of two wrongdoers to recover his damages from either or both has no application to the case of an injury to goods in the hands of a common carrier. It is said the position of a carrier is that of a shipper, he as bailee is the agent of the bailor; that the carrier is more than the mere agent or servant of the shipper, because the carrier

becomes absolutely liable for any loss to the goods, the only exceptions being for a loss by the act of God or the public enemy. From this position another step is taken, and the carrier is said to occupy, temporarily at least, the relation of owner, so that his negligence must be imputed to the actual owner. Common carriers of goods are bailees; because of the extraordinary liability imposed upon them by the law, they are classed as extraordinary bailees. But this is the only respect in which the delivery of goods to a carrier for transportation differs from that of an ordinary bailment for hire. While it is sometimes said that the carrier is an insurer, this is but another way of expressing his absolute liability for any loss or damage to the goods while in his possession, save in the excepted cases. But the shipper has no control over the servants and employees of the carrier; he has no right to discharge an unfaithful servant or employee of the carrier. He does not ordinarily accompany the goods and has no opportunity or right to exercise any control over the manner in which the carrier performs his obligations.

The general doctrine upon which defendant relies had its origin in two English cases—*Vanderplank v. Miller*, 1 Moody & Malkin, 169, and *Thorogood v. Bryan*, 8 C. B. 115. They are companion cases, although the Vanderplank case involved a loss of goods and the Thorogood case involved an injury to a passenger. In the Vanderplank case, plaintiff sought to recover the value of goods sunk in a collision of the vessel carrying them and another vessel. It was merely held that if there was want of care on both sides, the plaintiff could not recover. Nothing was said with respect to any difference between the rights of the shipper and those of the carrier. The case was followed in this country in *Simpson v. Hand*, 6 Whar. (Pa.) 310. In the opinion by Chief Justice Gibson, it was held that the action could not be maintained by the owner of goods on board a vessel against the owner of another vessel to recover damages caused by a collision of the two vessels. The rule that for a loss from mutual negligence neither party can recover was held to apply because the carrier was the agent of the shipper. A distinction was sought to be made between the case of an injury to a shipper's goods, because in case of a passenger there is no bailment. It was said in the opinion:

"A carrier is liable to his employer at all events; and to make his associate in misconduct answerable for all the consequences of it, would make one wrong-doer respond, in ease of another, for an injury that both had committed. It is more just that the carrier should answer to his employer, rather than one in whom the employer had reposed no confidence." (p. 322.)

In *Duggins v. Watson et al.*, 15 Ark. 118, the doctrine of *Vanderplank v. Miller* was approved and the opinion by Chief Justice Gibson followed. It was followed again in *The Arctic Fire Ins. Co. v. Austin*, 69 N. Y. 470, where it was held that the possession of a carrier is that of the merchant shipper; he is the bailee and *quasi* the agent of the shipper. Whatever he does in the course of the service and bailment he does as the agent and representative of the owner. The New York court, in the opinion, expressly declared that there is no analogy between the cases in which passengers in one conveyance have been held entitled to an action against the owner of either or both of the vehicles from the negligent management of which injury has been received, on the ground that there is no bailment, no agency in the case of a passenger, and no absolute obligation of the carrier to deliver his passenger safely.

Both the Vanderplank case and *Thorogood v. Bryan* have been repudiated, not only in England, but in this country. The doctrine was repudiated by the Pennsylvania court in the case of *Bunting v. Hogsett*, 139 Pa. St. 363. In the opinion it was said:

"But *Thorogood v. Bryan* [8 Com. B. 115, 65 Eng. Com. L. 114], which is the leading case, has recently been overruled in the English court of appeals: The *Bernina, Mills v. Armstrong*, 12 Prob. & D. 58; and the doctrine, although formerly accepted in many of the states, is now generally disapproved. The authorities in England, and the great current of authority in this country, are against it. The cases are collected in *Dean v. Pennsylvania Railroad Co.* [129 Pa. St. 514, 520; 15 Am. St. Rep. 733]. . . . What was there said was given as an individual opinion, merely, and was, to some extent, perhaps, *obiter dictum*, but we are now unanimously of opinion that the views, there expressed somewhat in advance, contain a proper exposition of the law." (p. 376.)

In the opinion it was further said:

"It is true, the carrier may be subjected to a higher degree of care than his cotortfeasor, but this affords no reason why either or both of them should not be held to that degree of care, respectively, which the law imposes upon them, and to be answerable in damages accordingly." (p. 376.)

Bower v. Railroad Co.

In *Little v. Hackett,* 116 U. S. 366, it was said in respect to the supposed identification of the passenger with the carrier:

"There is no such identity. The parties are not in the same position. The owner of a public conveyance is a carrier, and the driver or the person managing it is his servant. Neither of them is the servant of the passenger, and his asserted identity with them is contradicted by the daily experience of the world." (p. 375.)

The distinct reason given by the English courts for abandoning the doctrine of the Thorogood case was because it was said to be a necessary corollary to the doctrine that if the passenger made the carrier his agent, he was not only deprived of his remedy against third persons, but must be affirmatively liable to third persons for any injuries they sustained by negligent acts of the carrier. We think the same absurdity attaches to the doctrine contended for by the defendant. If the shipper may not recover from a third person for injury to his goods caused by the concurrent act of his carrier and such third person on the gound that he has made the carrier his agent, it would seem necessarily to follow that by making the carrier his agent, the shipper becomes liable for injury to the property of third persons by the negligent act of the carrier.

The matter is summed up in 1 Thompson on Negligence, 2d ed., section 499, in the following statement:

"Contrary to earlier conceptions, and subject to the qualification that a few courts prefer to remain unenlightened upon this question, the general doctrine of the courts, both in England and America, is that where A. is charged with the care or custody of the person or property of B., and while this bailment continues, B. is injured in his person or property by the negligence of C., and B. brings an action for the damages against C., it will be no defense on the part of C. that the injury would not have happened but for the negligence of A. In such a case it does not lie in the mouth of C., who has injured B., to set up, as a defense to the action of B., that A. had also been guilty of a violation of his duty toward B.; but the case is rather one where an innocent person is injured by the concurring negligence or misconduct of two other persons, in which case, as already seen, he has a right of action against either or both tort-feasors. The rule above stated presupposes that B. had committed the safety of his person or property to A. in such a sense, or to such an extent, that B. had not a right of control over the conduct of A., such as might enable him to have averted the injury. It also supposes that the personal negligence of B. did not contribute to bring about the injury."

In the note to the foregoing text it is said that the leading case (to the contrary) is *Thorogood v. Bryan,* 8 C. B. 115,

overruled and generally discredited, both in England and America, but still ignorantly or perversely followed by some American courts.

The same author, speaking with respect to the negligence of a bailee, says:

"Unless the principles upon which the courts have at last settled have been grossly misconceived, the negligence of a bailee or his servants is not imputable to his bailor, so as to prevent the bailor from recovering damages from a third party for an injury to the property." (§ 512.)

Referring to the same doctrine in a case involving the question whether one who, while riding in an automobile as the guest of the driver, was injured by a collision caused by the negligence of the company was to be deemed chargeable with the negligence of the driver, it was said that the doctrine "never gained much of a foothold in this country, and is now repudiated in England, where it originated," citing 8 L. R. A., n. s., 597; Note 9 A. & E. Ann. Cas. 408, *Denton v. Railway Co.*, 90 Kan. 51, 133 Pac. 558, and other authorities. (*Corley v. Railway Co.*, 90 Kan. 70, 133 Pac. 555.)

The negligence of the driver in such a case is said to be imputed to the passenger where the latter exercises or is in the position to and has the right to exercise control over the conduct of the driver such as might have enabled him to have averted the injury.

In *Gibson v. Bessemer & L. E. R. R. Co.*, 226 Pa. St. 198, it was held that a livery stable keeper is not prevented from holding a railroad company liable for negligently killing a horse by the fact that the hirer, in whose possession the animal was, contributed to the injury. In the opinion it was said:

"The weight of authority also seems to sustain the proposition that the negligence of a bailee for hire is not to be imputed to the bailor." (p. 202.)

In *Henderson v. Chicago Railways Co.*, 170 Ill. App. 616, it was ruled—

"There would appear to be no [more] reason why the negligence of a driver of a vehicle transporting freight should be imputed to the owner of the freight, than that the negligence of the driver of a vehicle carrying passengers should be imputed to the passengers." (Syl. ¶ 2.)

Nor are we able to discover any reason for applying a different rule in the case of a carrier of goods from that of a car-

Bower v. Railroad Co.

rier of passengers. Certainly, the mere fact that the carrier of passengers is not in the position of an insurer, but held only to the highest degree of diligence, while the carrier of goods is absolutely bound to answer for any loss or damage to the goods while in his possession, furnishes no ground for a reasonable distinction. The contributory negligence of a passenger prevents him from recovering. Sometimes it is said that the negligence of the driver is imputed to the passenger, but as a matter of fact, calling it imputed negligence is a misuse of terms. It is the passenger's own negligence in failing to control the driver which prevents the passenger's recovery. It is the right of selection and control of the servant which is the foundation of the general rule that makes the master liable for the acts of the servant while acting within the scope of his employment. No such relation exists in the case of a shipper of goods and the carrier, because the duties and obligations of the shipper of the goods and the carrier are entirely different, and the former has no control over the servants of the latter. This was the reason that in *Sea Ins. Co. v. Vicksburg, S. & P. Ry. Co.*, 86 C. C. A. 544, 159 Fed. 676, it was held that an owner of cotton who leaves it with a compress company to be baled is not chargeable with the latter's negligence, which, combined with that of a railroad company, results in the destruction of the cotton by fire. In the opinion, after referring to the settled rule that where the concurrent negligence of two persons results in an injury to a third, he may recover damages from either or both and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury (1 Thompson on Negligence, 2d ed., § 75), it was said:

"The case at bar can be taken out of the control of this principle only by sustaining the contention that the bailors, the owners of the cotton, stand in the relation of principal or master to the bailee, the compress company. That such relation does not exist is indicated by the fact that the duties and obligations of the bailor and bailee are totally different, and that the former has no control over the servants of the latter." (p. 679.)

It was said in the opinion to be settled law that—.

"When one has been injured by the wrongful act of another, to which he has in no way contributed, he should be entitled to compensation from the wrongdoer, unless the negligence of someone towards whom he

stands in the relation of principal or master has materially contributed to the injury. The bailor, we hold, is not the principal or master of the bailee. . . . This view seems to be sustained by reason and authority. 1 Thompson on Negligence, §§ 499, 512; Van Zile on Bailments & Carriers, § 130; *Little v. Hackett*, 116 U. S. 366, 6 Sup. Ct. 391, 29 L. Ed. 652; *The Bernina*, 12 L. R. Pro. Div. 58, s. c. 13 App. Cas. 1." (p. 679.)

The judgment is reversed.