### YARWOOD, Plaintiff-Appellant, v. DELAGE et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21531.   Decided December 5, 1949.

R. V. Greene, Willoughby, for plaintiff-appellant.
J. J. Wodisky, Cleveland, for defendants-appellees.

(GUERNSEY, PJ, MIDDLETON, J, of 3rd District: DOYLE, J, of 9th District sitting by designation in 8th District.)

**OPINION**

By THE COURT:

In the agreed statement of facts upon which this case was submitted to the trial court, the court was warranted in finding that plaintiff had sold the vehicle in question and delivered the possession thereof to Richard Hiscott and that a certificate of title therefor was not at the time transferred to said Hiscott by reason of the fact that it was in the possession of The Cleveland Trust Company which had a chattel mortgage lien on said vehicle as security for a loan thereon.

Subsequent to the sale and transfer of possession of the vehicle to Hiscott, he, the said Hiscott, signed an affidavit before the Clerk of Courts of Geauga County, in which he fraudulently stated that he had assembled from parts a 1941 Pontiac Sedan bearing certain manufacturers' serial numbers and motor numbers and in consequence thereof obtained a certificate of title from the said clerk for the automobile in question. On the next day he assigned his fraudulently obtained certificate of title to his wife, and a certificate of title was then issued to her by the Clerk of Courts of Geauga County. Following this transaction, the car passed through the hands of a number of persons and organizations, each one securing possession and an assignment of the certificate of title of his predecessor. Finally the car was transferred to The Norton Motors Company and a certificate of title was issued in the name of Lawrence DeLage who had purchased for value the said vehicle from the said Norton Motors Company. The Norton Motors Company warranted the title to DeLage and as part of the purchase price, DeLage executed a promissory note which was duly assigned to the Associates Discount Corporation and a lien was accordingly noted on the certificate of title.

Of course, the present possessor of the car has no title to the vehicle for the reason that a valid title cannot. be resurrected out of the fraudulently obtained title given by the Clerk of Courts to Hiscott.

However, the present innocent purchaser of the car, as against Yarwood, the holder of the valid title, has actual ownership with

possession and control, and although he does not have legal title, his right to a certificate of title from Yarwood is an enforceable right as would have been the right of Hiscott at the time these transactions commenced.

Under these circumstances replevin cannot secure the possession of the car for Yarwood. His claim is against his original purchaser.

The judgment is affirmed. Exc.

GUERNSEY, PJ, MIDDLETON, J, DOYLE, J, concur.