No. 37,786

LEO FRUIT, *Appellee* and *Cross-appellant*, v. CARL STACY, doing business as Stacy Motor Company, *Appellant*, and *Cross-appellee*.

(215 P. 2d 140)

Opinion filed February 28, 1950.

*Perry Owsley,* of Pittsburg, argued the cause, and was on the briefs for appellant and cross-appellee.

*Charles W. Hill,* of Pittsburg, argued the cause, and *Simeon Webb,* of Pittsburg, was with him on the briefs for appellee and cross-appellant.

The opinion of the court was delivered by

PRICE, J.: The principal appeal in this case is from an order overruling a demurrer to plaintiff's amended petition in an action brought to recover damages on account of defendant's alleged fraud and deceit in the sale of an automobile to plaintiff.

The essential allegations of plaintiff's original petition, which was filed January 26, 1949, are that the defendant is engaged in the business of buying and selling motor cars, both new and used, in the city of Pittsburg; that on or about December 27, 1947, following negotiations between the parties, defendant sold to plaintiff a 1935 Pontiac automobile, representing that he was the owner thereof and could give to plaintiff a good and sufficient title to the same. That plaintiff in good faith and in reliance upon said representations paid defendant the sum of $200 for the automobile, whereupon defendant assigned to him Kansas certificate of title No. A421161D, covering a 1935 Pontiac coach with engine No. 20-960. That subsequently plaintiff spent approximately $75 for repairs to the automobile and reached an agreement with another party to sell it to the latter for the sum of $300; that while in the process of making these repairs plaintiff discovered that the engine number of the automobile was 925570 instead of 20-960, as listed in the certificate of title assigned to him by defendant, and that the engine and automobile in question were therefore not the engine and automobile covered by such certificate of title No. A421161D. It is further alleged that by reason of the foregoing facts plaintiff has no title to the automobile; that it is not possible for him to acquire a proper certificate of title to it; that he cannot sell it to any other person on account of this fact; nor can he lawfully operate it himself on account of not having proper title to it as required by law, and that the sale of it to him by defendant was fraudulent and void by reason of such false representations on the part of defendant and was in violation of G. S. 1947 Supp. 8-135. It is further alleged that plaintiff has thus been damaged in the amount of $300 actual damages and that by reason of defendant's conduct plaintiff is entitled to punitive damages. The prayer is

for actual damages in the amount of $300 and for punitive damages in the amount of $2,000.

On February 16, 1949, the defendant filed a general demurrer to the petition on the ground that it does not state facts sufficient to constitute a cause of action against defendant in favor of plaintiff.

On April 28, 1949, this demurrer was overruled and on May 9, 1949, defendant filed a motion to make the petition more definite and certain by setting out when and by whom the repairs were made; by stating the name of the other party with whom plaintiff reached an agreement to sell the automobile for the sum of $300, and by setting out the date when plaintiff discovered that the engine number was 925570 instead of 20-960.

On May 14, 1949, this motion to make more definite and certain was sustained and on the same date plaintiff filed his amended petition in which was contained the additional allegations sought by the motion to make more definite and certain.

On May 21, 1949, defendant filed a general demurrer to this amended petition on the ground that it did not state facts sufficient to constitute a cause of action against defendant and in favor of plaintiff.

On May 23, 1949, plaintiff filed a motion to strike defendant's demurrer to the amended petition on the ground it was a frivolous pleading and filed merely to hinder, retard and delay the formation and trial of the issues in the case.

On June 2, 1949, the court overruled plaintiff's motion to strike the demurrer from the files and at the same time overruled the demurrer. Defendant has appealed from the order overruling the demurrer to the amended petition and plaintiff has cross-appealed from the order overruling his motion to strike the demurrer from the files.

For convenience we will refer to the appellant and cross-appellee as defendant, and to appellee and cross-appellant as plaintiff.

The defendant has moved to dismiss plaintiff's cross-appeal on the ground that the ruling of the lower court upon which it is based is not an appealable order under G. S. 1935, 60-3302.

The plaintiff has filed a motion to dismiss defendant's appeal from the order overruling the demurrer to the amended petition on the ground the demurrer was a frivolous pleading in that it presented no question of law that was not presented by defendant's demurrer to the original petition, and that since no appeal was taken

from the order overruling the demurrer to the original petition within the time required by G. S. 1947 Supp. 60-3309, the appeal from the order overruling the demurrer to the amended petition is not properly before the court. In this connection it should be stated that defendant's appeal from the order overruling his demurrer to the amended petition was taken on June 10, 1949, which was within two months from each of the orders overruling the demurrers.

Following plaintiff's motion to dismiss defendant's appeal, as above set forth, the latter filed a motion on November 12, 1949, for leave to amend his notice of appeal and specification of error so as to include the error of the trial court in overruling the demurrer to the original petition. This motion was allowed, and on November 26, 1949, the amended notice of appeal and amended specification of error were filed. Plaintiff then filed a motion to set aside our order allowing this amendment, and this motion was denied with leave to renew on oral argument of the case on its merits.

Touching the matter of defendant's motion to dismiss plaintiff's cross-appeal, we will not labor the question but hold that under all of the facts and circumstances disclosed by the record plaintiff is within the provisions of G. S. 1947 Supp. 60-3314, relating to cross-appeals. The ruling on the point involved in the cross-appeal preceded the order from which the principal appeal was taken, and, in the nature of things, goes to the very heart of this lawsuit—namely —is the principal appeal properly before us, and, if so, was the demurrer to the amended petition properly overruled? If plaintiff's motion to strike the demurrer had been sustained defendant would not be here on his appeal from the order overruling the demurrer. The motion to dismiss the cross-appeal is denied. (*Rusch v. Phillips Petroleum Co.*, 163 Kan. 11, 21, 180 P. 2d 270.)

As to the merits of plaintiff's cross-appeal, it will be remembered that it was taken from the order overruling his motion to strike from the files defendant's demurrer to the amended petition. The theory of the plaintiff is that this demurrer was frivolous and filed only for the purpose to hinder and delay, and that this demurrer raised no question of law other than that already decided at the time the court overruled defendant's demurrer to the original petition. With this contention we cannot agree. After his demurrer to the original petition was overruled defendant moved to make the petition more definite and certain in several particulars. While such procedure might be considered somewhat irregular, yet defendant

had the absolute right to request the court to compel plaintiff to supply the additional allegations. Pursuant to the order of the court plaintiff filed his amended petition and defendant had the right to file a demurrer thereto even though it may subsequently develop in the trial of the case that the additional allegations are immaterial. The lower court committed no error in overruling plaintiff's motion to strike the demurrer to the amended petition and as to the cross-appeal the judgment is therefore affirmed.

This brings us to the question of plaintiff's motion to set aside our order permitting defendant to amend his notice of appeal and specification of error and his motion to dismiss the appeal. These matters will be treated together.

Plaintiff's argument is based upon the proposition that since the additional allegations in his amended petition, supplied by him pursuant to the court's ruling on the motion to make more definite and certain, are merely evidentiary in nature, the cause of action set out in the amended petition is no different or in any way enlarged from the cause of action set out in the original petition; that the ruling on the demurrer to the original petition thus became the law of the case; that since defendant did not appeal in time from that ruling no valid appeal exists from the ruling on the demurrer to the amended petition, and that an amendment to a notice of appeal can only be made under the provisions of G. S. 1935, 60-3310, when there is a valid appeal existing, citing *Salt City B., L. & S. Ass'n v. Peterson,* 145 Kan. 765, 67 P. 2d 564; *Hendricks v. Wichita Federal Savings & Loan Ass'n,* 156 Kan. 124, 131 P. 2d 889, and *Klemenc v. Klemenc,* 164 Kan. 649, 192 P. 2d 171. We concede that those decisions are authority for the rule that the statute does not authorize the amendment of a notice of appeal which is in fact a nullity and at a time when it is too late to perfect an independent appeal from the order included in the amendment, but we do not see their application to the facts shown by the record before us. As we have heretofore said, the defendant had the absolute right to request an order to make the petition more definite and certain. The court made such an order and the defendant had an absolute right to file a demurrer to the amended petition. True, on the trial of this case the additional information supplied by plaintiff in his amended petition might prove to be immaterial, yet the fact remains it did supply certain information, among which was the date when plaintiff first discovered the alleged fraud complained of. We cannot say

as a matter of law that defendant does not have a valid appeal existing from the order overruling his demurrer to the amended petition, and plaintiff's motion to dismiss the appeal is therefore denied. In view of this holding, defendant's motion to amend his notice of appeal and specification of error, our order granting the same, and plaintiff's motion to set aside such order, are immaterial, and in disposing of the remaining question we will consider this as an appeal from the order overruling the demurrer to the amended petition.

Should the demurrer to the amended petition have been sustained?

Defendant's argument that the amended petition does not state a cause of action is based upon the theory that by virtue of the provisions of G. S. 1947 Supp. 8-135 (c) (6), which read:

"On and after July 1, 1937, it shall be unlawful for any person to buy or sell in this state any vehicle required to be registered hereunder, unless, at the time of delivery thereof there shall pass between the parties such certificate of title with an assignment thereof, as herein provided, and the sale of any vehicle registered under the laws of this state, without the assignment of such certificate of title, shall be fraudulent and void."

plaintiff cannot maintain the action because the amended petition admits the sale was fraudulent and void and therefore plaintiff is precluded from suing on what amounts to a void contract. He argues that the statute imposes a duty on the purchaser as well as the seller; that it was plaintiff's duty to ascertain at the time of sale whether the certificate of title tendered by defendant correctly identified the automobile; that the plaintiff is as much to blame for the situation in which he now finds himself as the defendant and that since the sale was fully executed the parties should be left in their present position.

In support of the lower court's ruling that the amended petition states a cause of action, plaintiff contends that his action is founded in tort for the alleged fraud and deceit of defendant and not on contract, and he agrees with defendant that the sale was fraudulent and void under the statute, but argues it is because of that very fact he has suffered damage and is entitled to redress from defendant for his fraudulent and deceitful acts in perpetrating upon him the alleged fraudulent transaction.

Both parties to this lawsuit cite a number of decisions in support of their contentions having to do with fraudulent transactions and rights and obligations arising under the present and former motor

vehicle registration acts, but none of them will be discussed for the reason that the factual situation in each is so different from that here under consideration as to be clearly distinguishable or otherwise inapplicable. Both parties rely on our recent decision in *Felts v. Sugg*, 167 Kan. 488, 207 P. 2d 460, to bolster their contentions, but in our opinion the decision in that case is of very little assistance due to diversity of questions involved.

The allegations of the amended petition have heretofore been summarized and we will not repeat them here. Other provisions of the statute (G. S. 1947 Supp. 8-135) require that the correct engine number be listed in the certificate of title and, looking at the matter very realistically, the allegations of the amended petition, which for our purposes must be construed liberally in favor of the pleader, mean one thing—that plaintiff cannot furnish his proposed purchaser with a valid certificate of title because he himself does not possess one on account of the alleged fraud by defendant, and therefore he is unable to effect the proposed sale, to his damage. We cannot agree with defendant's argument that in every case it is necessary for a person who is buying an automobile from a dealer to get under the hood and ascertain if the latter has correctly listed the engine number on the certificate of title passing between the parties, and neither can we agree with defendant's contention that because a sale of an automobile, such as we have here, is fraudulent and void under the statute, the purchaser would have no recourse against the seller for his alleged fraud. True, the statute says that it shall be unlawful for any person to buy or sell unless the statute is complied with, but to hold that the buyer should be penalized under the facts alleged here would be an unreasonable construction of the statute. We think, at least so far as the facts of this case are concerned, the reference in the statute to the buyer means and refers to one who knowingly purchases an automobile with infirmities in its title.

In conclusion, and without indicating anything which would prejudice either of the parties on the trial of this action, we have no difficulty in holding that the amended petition states a cause of action and that the demurrer thereto was properly overruled.

The judgment of the lower court, both as to the cross-appeal and the principal appeal, is affirmed.