No. 38,130

FRED CROW, *Appellant,* v. ROY G. HERSHBERGER, *Appellee.*

(226 P. 2d 846)

Opinion filed January 27, 1951.

*Waldo B. Wetmore,* of Wichita, argued the cause and was on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a replevin action for an automobile. The plaintiff has appealed from the order of the district court denying his motion for judgment on the pleadings.

In his original petition the plaintiff alleged that he was the owner of a described automobile; was entitled to immediate possession of it and possession was wrongfully detained by the defendant.

To this petition the defendant answered denying that plaintiff was the owner of the automobile in question, but alleging that defendant was the owner; that defendant had purchased the automobile through the plaintiff with the understanding that the plaintiff was to keep the title of the car in his name as an accommodation to

the defendant; that defendant had made arrangements for the financing of the purchase of the automobile and had made payments on its purchase price. The answer prayed for recovery of it or for its actual value and for damages.

To this answer the plaintiff moved for judgment on the pleadings for the reason that it failed to constitute a defense to his cause of action and for the further reason that it admitted the plaintiff's title to the automobile and his right to its possession.

This record does not disclose how the trial court ruled upon that motion but less than thirty days later the defendant filed an amended answer in which he denied the allegations of the plaintiff's petition and alleged that defendant and plaintiff had entered into an oral partnership agreement to do business as the "All State Roofing Company;" that it was agreed the plaintiff was to take title to all the partnership property in his name for the mutual advantage of the partners, and that about June 6, 1949, the partnership purchased the automobile in question; that defendant made the down payment on it by delivering to the seller a Plymouth car, which was his sole property; that it was understood between plaintiff and defendant that defendant was to use his own personal funds to purchase the automobile for the use of the partnership and title was to be taken in the name of the plaintiff; that defendant paid $141.65 a month out of his personal funds until the automobile was fully paid for.

The answer further alleged the partnership was dissolved in August, 1949, and as a result of the dissolution it was agreed plaintiff was to take the machinery of the partnership of the value of $350 and $400 in cash and defendant was to continue the business and assume all its debts and the automobile in question was to be transferred to him and remain the property of the roofing company; that plaintiff had failed to transfer the title to the defendant; defendant was the lawful owner of it, entitled to its possession, and plaintiff was wrongfully detaining possession of it from him. The answer contained the usual allegations that the property was not taken in execution of any order or judgment against the defendant or for the payment of any tax, fine or amercement. The prayer to this answer was the same as the prayer of the former answer.

The plaintiff filed a motion to strike from this answer all reference to the partnership and its dissolution. This motion was sustained in part and overruled in part with the result that defendant filed an amended answer.

This amended answer contained a general denial and allegation that plaintiff and defendant had entered into an oral partnership; a repetition of the allegations that it was understood that plaintiff was to take title to the partnership property in his name and that it was understood that defendant was to purchase the automobile for the benefit of the partnership and that it was so purchased and the title was to be taken in the name of plaintiff. An allegation was the partnership was dissolved and it was understood that the automobile was to be transferred to defendant and remain the property of the "All State Roofing Company;" that plaintiff had failed to transfer the title and defendant was the lawful owner of the automobile, entitled to its possession; that defendant had made many demands on the plaintiff for it and its delivery had been refused.

The plaintiff moved for judgment on the pleadings for the reason that the answer pleaded no defense to plaintiff's right to possession of the automobile and for the further reason that the owner admitted plaintiff's title to it, together with plaintiff's right to possession.

This motion was overruled. From that order the plaintiff has appealed.

The specifications of error are that the trial court erred in overruling plaintiff's motion to strike certain portions of defendant's answer, filed on November 21, 1949, and in overruling plaintiff's motion for judgment on the pleadings.

We do not have the benefit of any brief in behalf of the appellee.

Defendant's position is that while the record title to the car was in the name of plaintiff, actually it was bought with defendant's money and used by the partnership and under the terms of the contract between the parties at the time of the dissolution of the partnership the car was awarded defendant.

The plaintiff takes the position that under the provisions of G. S. 1947 Supp., chapter 8, since title to the automobile was in plaintiff's name, defendant could have no beneficial or other interest in it no matter what the contract of the parties. He quotes first a portion of G. S. 1947 Supp., 8-126, as follows:

"(n) 'Owner.' A person who holds the legal title of a vehicle, . . . shall be deemed the owner for the purpose of this act."

He also quotes from other sections of the act providing for certificates of title to motor vehicles, for their transfer and assignment, and delivery of such certificates to a buyer at the time of the sale

of a car.  He also calls our attention to G. S. 1947 Supp., 8-135 (c), which provides as follows:

"(6)   On and after July 1, 1937, it shall be unlawful for any person to buy or sell in this state any vehicle required to be registered hereunder, unless, at the time of delivery thereof there shall pass between the parties such certificate of title with an assignment thereof, as herein provided, and the sale of any vehicle registered under the laws of this state, without the assignment of such certificate of title, shall be fraudulent and void."

Plaintiff argues that pursuant to these sections when defendant pleaded in his answer that it was agreed plaintiff was to keep title to the car in his name he thereby admitted that plaintiff was the true and real owner and he, that is, defendant, was prohibited by statute from asserting any title or right of ownership in the car.  What plaintiff's argument amounts to is there can never be any joint ownership in a motor vehicle.  He cites and relies on opinions where we have held that the purchase of an automobile in total disregard of a statute governing the sale and transfer of such property was void and afforded the purchaser no defense in a replevin action instituted by a plaintiff having lawful claim to the property.  We have examined all these authorities and they are all cases where the rights of a third party, such as a mortgagee, or an innocent purchaser, were involved.  The statute was passed to protect the rights of such and for the benefit of the general public.  It was not designed nor intended to make it unlawful or impossible for more than one person to own an interest in a motor vehicle.  We are not called on here to decide what would have been the situation had plaintiff sold the car to some innocent third party.  This action is between two parties, each of whom claims to own the car in question.  Plaintiff asks us to hold that on account of the statutes referred to defendent is barred from presenting his claim.  This is too narrow and technical a construction.

It follows from what has been said that there are issues of fact to be tried in the court below.  The order of the trial court overruling plaintiff's motion for judgment on the pleadings therefore was not a final order—hence not appealable.

The appeal is dismissed.