No. 41,741

THOMAS E. STEBBINS, *Appellee*, v. LEVON J. HEIDEBRECHT, *Appellant*, and DARRELL D. STEBBINS, *Appellee*.

(350 P. 2d 783)

Opinion filed April 9, 1960.

*Roy U. Jordan*, of Emporia, argued the cause and was on the brief for the appellant.

*Roscoe W. Graves,* of Emporia, argued the cause for the appellee, Thomas E. Stebbins, and *Richard Mankin,* of Emporia, guardian *ad litem* for Darrell D. Stebbins, appellee, was with him on the brief.

The opinion of the court was delivered by

PRICE, J.: This was an action by Thomas E. Stebbins, in whose name the certificate of title to an automobile was registered, against defendant Heidebrecht to recover for damage to the automobile resulting from an intersection collision. At the time in question the car was being driven by plaintiff's minor son, Darrell D. Stebbins. Pursuant to a motion by defendant Heidebrecht, an order was entered making the son Darrell a party defendant.

The case was tried by the court entirely on a stipulation of facts. Judgment was entered for plaintiff father, and defendant Heidebrecht (hereafter referred to as defendant) has appealed.

The stipulation of facts follows:

"Now on this 18 day of May, 1959, this matter comes on for hearing. Thomas E. Stebbins, as an individual and as parent and natural guardian of Darrell D. Stebbins, a minor, appears by his attorney, Roscoe W. Graves. Darrell D. Stebbins appears by his guardian *ad litem,* Richard Mankin, heretofore appointed by the Court. Defendant Levon J. Heidebrecht appears by his attorney, Roy U. Jordan. The parties hereto waive a jury and agree that the case shall be tried to the Court on the basis of stipulated facts which are agreed to be as follows:

"1. This action involves a suit for damages as set forth in the pleadings. At all times material hereto up to and including May 29, 1958, Webb Pontiac Company of Emporia, Kansas, was the owner of the 1953 Buick described in the pleadings. On May 29, 1958, the Webb Pontiac Company assigned the Certificate of Title to said vehicle to the plaintiff, Thomas E. Stebbins; pursuant to such assignment a Certificate of Title to the said 1953 Buick automobile was issued on June 19, 1958, to the said Thomas E. Stebbins by the State of Kansas Motor Vehicle Department.

"2. The said Thomas E. Stebbins is the father of Darrell D. Stebbins, Defendant herein, who on the date of the accident hereinafter described was twenty years of age. At all times material hereto Thomas E. Stebbins has permitted Darrell D. Stebbins to work for himself and secure, earn, and hold his own separate and personal earnings and property. Darrell D. Stebbins from his own personal earnings and property purchased the above described 1953 Buick automobile from Webb Pontiac Company and made the original down-payment on May 29, 1958, and all subsequent payments on the said 1953 Buick to Webb Pontiac Company. At all times from the above-referred to assignment of the Certificate of Title on May 29, 1958, to the date of this Stipulation, the said Darrell D. Stebbins has had the exclusive control, use, possession and dominion of the said 1953 Buick and has, from his own property, furnished all fuel and paid all taxes, insurance, and all repair bills for

said automobile, except for the endorsement of an insurance company draft by Thomas E. Stebbins as hereinafter noted.

"3. At the time of the accident from which this law suit resulted, insurance for collision coverage, $100.00 deductible, was carried on said automobile in the name of Thomas E. Stebbins. As a result of the damage done to the said 1953 Buick in the automobile accident hereinafter described, the insurance carrier issued a draft made payable to Thomas E. Stebbins for the amount of the damage that was done in excess of the first $100.00. The said draft was endorsed by Thomas E. Stebbins and the proceeds were paid over to a repair shop to apply towards the cost of repairing the damage sustained to the automobile in the accident hereinafter described.

"4. At all times material hereto, Darrell D. Stebbins was the driver of the said 1953 Buick, but he was driving the said vehicle on his own personal business and not as the agent or employee of Thomas E. Stebbins. On September 8, 1958, at the intersection of 9th and Market Streets in Emporia, Lyon County, Kansas, the said vehicle, while being driven by Darrell D. Stebbins, was involved in an automobile accident with the 1954 Ford set forth in the answer of Defendant Levon J. Heidebrecht and driven and owned by Levon J. Heidebrecht. Levon J. Heidebrecht is 20 years of age and married. In such automobile collision, both Darrell D. Stebbins as the driver of the 1953 Buick and Levon J. Heidebrecht as the driver of the 1954 Ford were guilty of the following concurrent acts of negligence which were the direct and proximate cause of said accident and of extensive damage to both vehicles involved: In driving at excessive speeds, in failing to keep proper lookouts for the other vehicle, in failing to keep the vehicles under proper control, and in failing to stop and turn aside the vehicles to avoid colliding with the other vehicle involved.

"5. As a result of the above mentioned accident and the negligence of both drivers, the 1953 buick driven by the Defendant, Darrell D. Stebbins, was demolished and the reasonable difference in the value thereof, immediately before and after the collision was $500.00; the 1954 Ford automobile driven by the Defendant, Levon J. Heidebrecht, was also demolished and the reasonable difference in value thereof immediately before and after said collision was $700.

"6. All acts, deeds, transactions, occurrences and places of whatsoever kind or nature relevant or material to this law suit occurred or were located within the State of Kansas."

Although variously stated in the briefs, the sole and basic question involved is who, under the facts, is the real party in interest and thus entitled to bring the action—the father or the son.

G. S. 1949, 60-401, provides that every action must be prosecuted in the name of the real party in interest.

Two provisions of our motor vehicle act (G. S. 1957 Supp.) provide:

§ 8-135(6)—"It shall be unlawful for any person to buy or sell in this state any vehicle required to be registered hereunder, unless, at the time of de-

livery thereof there shall pass between the parties such certificate of title with an assignment thereof, as herein provided, and the sale of any vehicle registered under the laws of this state, without the assignment of such certificate of title, shall be fraudulent and void."

§ 8-126—"The following words and phrases when used in this act shall, for the purpose of this act, have the meanings respectively ascribed to them in this section, except in those instances where the context clearly indicates a different meaning: . . . (n) 'Owner.' A person who holds the legal title of a vehicle, . . ."

Plaintiff father contends that as the certificate of title to the car was registered in his name he, insofar as defendant is concerned, is the "owner" thereof, and, within the meaning of the mentioned statutes, is the real party in interest and entitled to maintain the action.

Defendant, on the other hand, while conceding that under the stipulated facts the contributory negligence of the son would not be imputable to the father so as to bar the father's recovery, contends that under the stipulation the son, in truth and in fact, was the actual owner of the car and therefore the action must be brought by him—in which event he, the defendant, would be able to set up as a defense the admitted contributory negligence of the son.

In passing, it should be noted that while some mention is made in defendant's brief of the fact the insurance company had "fully compensated" for the damage (which, however, is not borne out by the stipulation), nevertheless, the question before us is narrowed down to that previously stated—who, under the stipulation, is the real party in interest—the father or the son.

Decisions dealing with the "registration of title" statute, above, are of little or no assistance in the matter before us for most, if not all, have to do with questions arising out of situations involving either innocent purchasers, mortgagors, mortgagees, automobile dealers, insurers, or other matters concerning the purchasing public. And neither do we consider the few authorities from other jurisdictions to be of any particular value on the question presented.

Notwithstanding the fact we are not here concerned with any dispute between father and son as to ownership, we recognize fully the persuasiveness of defendant's argument as to why, under the stipulated facts, the son should be considered and held to be the actual "owner" of the car and therefore the proper party plaintiff. Nevertheless, we are convinced that under the facts

of this case, and narrowed to the question presented, the father, in whose name the car was registered, must, within the meaning of G. S. 1949, 60-401, above, be considered to be the real party in interest. To hold otherwise would open the door to all manner of claims under varying situations and circumstances, and result in confusion and uncertainty on the question of "proper party plaintiff" in cases involving damage to automobiles.

We therefore hold that the father is "the real party in interest" and thus the proper party plaintiff.

The judgment is affirmed.

JACKSON, J. (dissenting): Finding myself unable to agree with the conclusion reached by the majority of the court, I must dissent.

I believe that the real question in this case has been misstated by the parties. I would agree that the father as a trustee for his son is the real party in interest and may bring the action as plaintiff, cf. G. S. 1949, 60-403. But the plaintiff's son, who was the negligent driver of the car, and who under the stipulated facts was the beneficial owner of the car, has been made a party to the action. In my opinion, under the facts, the negligence of the beneficial owner of the car would bar the recovery of a judgment by the holder of the bare legal title.

Several of the former cases of this court have recognized the beneficial ownership of automobiles in persons who were not the holders of the certificate of title.

In the case of *In re Estate of Baumstimler*, 159 Kan. 316, 153 P. 2d 927, an *intervivos* gift was held valid as against third parties although the donor retained the certificate of title in his own name.

In *Weaver v. Hartford Fire Ins. Co.*, 168 Kan. 80, 211 P. 2d 113, an equitable owner of an automobile, although he had not as yet acquired any certificate of title, was held to have an insurable interest in the car.

In *Fruit v. Stacy*, 168 Kan. 632, 215 P. 2d 140, a dealer had sold an automobile to a purchaser, and delivered a certificate of title using the wrong engine numbers. The purchaser was allowed to sue the dealer for misrepresentations concerning the car, and the defense based on the defective certificate was held to be of no merit.

In *Crow v. Hershberger*, 170 Kan. 492, 226 P. 2d 846, it was held that an owner of an automobile could establish his interest therein as against one holding the certificate of title.

There can be no question but that G. S. 1959 Supp. 8-135, is designed to and does protect *bona fide* purchasers and mortgagees for value. But this is not such a case.

In my opinion, the judgment of the district court in this $500 law suit should be reversed.