No. 43,913

John C. Heise, *Appellant*, v. Wayne L. Thomas, et al., *Appellees*.

(398 P. 2d 350)

Opinion filed January 23, 1965.

*Jesse I. Linder*, of Sharon Springs, argued the cause, and was on the briefs for the appellant.

*James E. Taylor*, of Sharon Springs, argued the cause, and was on the brief for the appellee, The Peoples State Bank of Sharon Springs, and as Guardian *ad litem* for certain minor defendants and as attorney for certain defendants in military service.

The opinion of the court was delivered by

Fontron, J.: This is an appeal by the plaintiff, John C. Heise, from adverse rulings entered by the trial court on four motions which had been filed in the action.

In view of the disposition which we have concluded must be made of this appeal, the facts alleged by plaintiff in his petition are of no present concern and will not be related. It need only be said that the petition contained four causes of action: The first to determine heirship, the second to partition real and personal property, the third to require an accounting, and the fourth to quiet title to real property.

To plaintiff's petition two answers were filed; one by the defendant, The Peoples State Bank of Sharon Springs, which traversed certain material allegations, and one in the form of a general denial by James E. Taylor, the court-appointed guardian *ad litem* and attorney under the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.

The plaintiff thereupon directed a motion against the bank's answer to make the answer definite and certain, while Taylor countered with a motion for a pretrial conference. After oral argument,

the trial court overruled plaintiff's motion to make definite and certain and sustained Taylor's motion for pretrial conference.

On the day following the court's action on the foregoing motions, plaintiff filed two additional motions; the first to set aside the court's order for a pretrial conference, and the second for judgment on the pleadings. Both motions were overruled, and this appeal followed.

At the outset we are confronted by the appellees' contention that none of the foregoing rulings are appealable, and in this we believe the appellees are correct. The jurisdiction of this court to reverse, modify or vacate a district court order is limited, so far as the instant action is concerned, to a *final order*. (G. S. 1949, 60-3302.) A final order, for present purposes, is defined in G. S. 1949, 60-3303 as ". . . an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment . . ."

Neither of the two orders relating to the pretrial conference can be said to be a final order within the purview of the statute. In itself, an order which merely provides for such a conference determines no issues of fact or law nor does it in anywise finally determine the action. We think it clear that under our decisions no appeal will lie from an order of such a character. (*Fincham v. Fincham,* 171 Kan. 120, 231 P. 2d 232; *Smith v. Wright,* 180 Kan. 584, 305 P. 2d 810; *Cheney v. Cheney,* 186 Kan. 743, 352 P. 2d 959.)

Nor does an appeal lie from the order overruling plaintiff's motion to make definite and certain. A ruling on a motion such as this lies within the sound discretion of the court and is not subject to independent appeal unless it affects a substantial right and, in effect, determines the lawsuit. (*Klepikow v. Wilson,* 189 Kan. 66, 366 P. 2d 800.) In no sense will the challenged order result in a final determination of this action.

Finally, the order overruling plaintiff's motion for judgment on the pleadings is not appealable under the circumstances shown to exist in this case. The answers of both the bank and Taylor raised issues of fact to be determined. Those issues were untried at the time of the court's order, and have remained untried to this date. Hence, the court's order overruling the motion was not a final order. (*Crow v. Hershberger,* 170 Kan. 492, 226 P. 2d 846.)

This appeal presents nothing for our determination at this time and is, therefore, dismissed.