(566 P.2d 18)

No. 48,369

W. E. HARTLEY, *Appellee,* v. GLENN W. FISHER and WILMA R. FISHER, *Appellants.*

Opinion filed May 27, 1977.

*John F. Hayes,* of Gilliland, Hayes & Goering, of Hutchinson, for appellants.
*David D. Gaumer,* of Wunsch, Wunsch & Gaumer, of Kingman, for appellee.

Before HARMAN, C.J., REES and SWINEHART, JJ.

REES, J.: This is an action for property damage arising out of an accident that involved defendants' tractor and drill and an automobile, the certificate of title to which was registered in the name of plaintiff. The case was tried twice. A jury verdict for defendants was returned on the first trial. A new trial was ordered and the second trial resulted in a verdict for plaintiff. The defendants appeal from the granting of the new trial and the judgment entered on the second trial.

The accident occurred at night on a county highway. Defendant Wilma R. Fisher was driving defendants' tractor and towing the drill. The automobile was driven by plaintiff's son, William Hartley, and it rear-ended the drill. Plaintiff contends that defendants were negligent in that the tractor and drill had no lights or reflectors. Defendants' contentions throughout have been that William Hartley was negligent and that his negligence constitutes contributory negligence barring plaintiff's right to recover. There was evidence presented at each trial that both William Hartley and the defendants were negligent.

On the first trial, the testimony included statements of plaintiff that the automobile "was really [Billy's] car" and that "Billy wasn't of age and I had my insurance all in one company, so we had it put in my name." William Hartley testified that the automobile was "in fact" his. The trial court submitted the case to the jury on the theory that if it were found that William Hartley was negligent, plaintiff was contributorily negligent.

The trial court granted the new trial upon its determination that under *Stebbins v. Heidebrecht,* 186 Kan. 484, 350 P.2d 783, he had erred in "permitting the defense of contributory negligence on the part of the driver of the car to enter into the trial of the case."

At the second trial, plaintiff referred to the automobile as "Billy's car" but the court refused to allow defense counsel to inquire as to William Hartley's interest in it. The court also refused to give instructions in regard to contributory negligence.

As stated by defendants in their brief, the basic issue is whether the defense of contributory negligence should be available under the facts of this case. For the purpose of our consideration, we will assume that although the legal title to the automobile, as shown by the certificate of title, was held by plaintiff, the full beneficial interest in the automobile was in his son, the driver.

In *Stebbins v. Heidebrecht,* supra, the Kansas Supreme Court dealt with a factual situation similar to the present case. The certificate of title to the damaged automobile was registered in the name of the plaintiff, but his son was the beneficial owner having purchased the car with his own funds and having exclusive control and use. The defendant argued the son, as beneficial owner, was the real party in interest under G.S. 1949, 60-401, and that plaintiff therefore was not entitled to bring the action. In rejecting defendant's argument, the court said in part:

". . . [W]e recognize fully the persuasiveness of defendant's argument as to why, under the stipulated facts, the son should be considered and held to be the actual 'owner' of the car and therefore the proper party plaintiff. Nevertheless, we are convinced that under the facts of this case, and narrowed to the question presented, the father, in whose name the car was registered, must, within the meaning of G.S. 1949, 60-401, above, be considered to be the real party in interest. To hold otherwise would open the door to all manner of claims under varying situations and circumstances, and result in confusion and uncertainty on the question of 'proper party plaintiff' in cases involving damage to automobiles." (pp. 487-8.)

Under *Stebbins* it is clear that the plaintiff father in the present case is the real party in interest to bring this action as plaintiff. That settled, the question before us narrows to a consideration as to whether the son's negligence may be imputed to the father so as to bar the latter's right to recover.

Defendants ask this court to create a new category of imputed

negligence. Defendants maintain that in factual situations similar to the present case, equity requires the negligence of the beneficial owner of an automobile be imputed as contributory negligence of the title owner. Defendants correctly point out that in *Stebbins* the parties agreed ("conceded") the negligence of the son was not imputable to the father so as to bar his recovery. We also agree it was not held that the son's negligence could not be shown in defense of the father's claim, but we believe such showing of negligence would have been of benefit to the defendant there only if he established to the satisfaction of a jury, or the court sitting without a jury, that the son's negligence was the sole cause of the accident. We further agree with defendants that the particular question before us was not decided in *Stebbins* and is not expressly determined in our case or statutory law.

The negligence of plaintiff's son is not chargeable to plaintiff under any of our recognized statutory and common law bases for the imputation of negligence. There is no evidence that plaintiff's son was acting as plaintiff's agent or servant or in the furtherance of plaintiff's business when the accident occurred so as to give rise to vicarious liability upon the principles of agency or *respondeat superior. Halverson v. Blosser,* 101 Kan. 683, 168 Pac. 863. There was no evidence that plaintiff and his son were involved in a joint venture. *Sizemore v. Hall,* 148 Kan. 233, 80 P.2d 1092. The so-called "family purpose doctrine" has been specifically rejected in Kansas. *Daily v. Schneider,* 118 Kan. 295, 234 Pac. 951; *Watkins v. Clark,* 103 Kan. 629, 176 Pac. 131. Plaintiff's son was not under sixteen years of age so as to impose joint and several liability upon plaintiff under K.S.A. 8-222. Furthermore, there was no evidence that plaintiff had reasonable cause to know that his son was an incompetent, careless or reckless driver, and therefore was himself directly negligent in permitting his son to drive. *Fogo, Administratrix v. Steele,* 180 Kan. 326, 304 P.2d 451.

In *Bower v. Railroad Co.,* 106 Kan. 404, 188 Pac. 420, it was held that the negligence of a carrier is not imputable to a shipper so as to prevent the shipper from recovering damages from another carrier or third party through whose negligence, with that of the first carrier, the shipper's goods were damaged. It is said in *Schmidt v. Martin,* 212 Kan. 373, 510 P.2d 1244, that:

". . . In *Bower v. Railroad Co.,* 106 Kan. 404, 188 Pac. 420, we rejected the

application of the doctrine of imputed negligence to a bailor-bailee relationship." (p. 376.)

It is also stated in *Schmidt v. Martin,* supra, that:

". . . We have adopted the rule that liability for an automobile accident does not attach to the owner of the car from the mere fact of ownership so as to impute the negligence of the driver to the owner as a matter of law. . . ." (p. 376.)

In view of the foregoing authorities and in the absence of any settled basis under our law for the imputation of the negligence of plaintiff's son as contributory negligence of plaintiff, we decline to create the requested new category of imputed negligence. Our holding is in accord with the so-called modern rule which is that a bailee's contributory negligence is not imputable to the bailor in an action against a third party for damage to the bailed property. 8 Am.Jur.2d, Bailments § 253, p. 1139; 8 C.J.S., Bailments § 56(1)(d), p. 576.

In *Stebbins,* the Kansas Supreme Court held that to look to someone other than the registered title owner as the real party in interest ". . . would open the door to all manner of claims under varying situations and circumstances, and result in confusion and uncertainty . . ." (p. 488.) To create the requested new category of imputed negligence would result in confusion and uncertainty similar to that the *Stebbins* decision avoids with regard to the real party in interest issue.

The judgment of the trial court is affirmed.