REQUESTED BY: Margaret L. Higgins, Director Nebraska Department of Motor Vehicles
1: Is a certificate of title invalid when the application made for said certificate is fraudulent?
2: If a fraudulent application results in an invalid title, what authority does the Department of Motor Vehicles have to revoke the title?
3: May Nebraska issue a certificate of title where the individual has no residence in Nebraska and purchases the vehicle in another state? Upon what statutory authority should the certificate of title be denied?
1: Yes.
2: Neb.Rev.Stat. § 60-108 (Reissue 1984) grants the Department of Motor Vehicles power to revoke any improperly issued certificate of title.
3: Neb.Rev.Stat. § 60-106(2) (Cum. Supp. 1986) prevents the issuance of a certificate under the circumstances mentioned.
DISCUSSION
As stated in an earlier opinion, Neb.Rev.Stat. § § 60-105 (Reissue 1984) and 60-116 (Cum. Supp. 1987), when read together, create a significant degree of uncertainty as to the validity of a fraudulently obtained title Attorney General Opinion No. 135 (August 24, 1984). The statutes do not specifically state that a fraudulently obtained certificate of title is invalid and the Nebraska Supreme Court has apparently never addressed the issue. However, under the common law, it is a well established rule that such titles are indeed invalid.
In Yarwood v. Delage, 91 N.E.2d 272 (Ohio 1949) the court expressed, "Of course, the present possessor of the car has no title to the vehicle for the reason that a valid title cannot be resurrected out of the fraudulently obtained title." Id. at 272. See also, Fruit v. Starey,168 Kan. 632, 215 P.2d 140 (plaintiff could not furnish a valid certificate of title to purchaser because the plaintiff had obtained the title through fraud) and; Vannoy Chevrolet Co. v. Baum, 260 Ia. 1011, 151 N.W.2d 515 (persons without Iowa title as well as those persons with the original Iowa title prevail over a holder of an Iowa title certificate obtained by fraud). From these decisions it is clear that a fraudulently obtained title is invalid. The question remains, what power does the Department of Motor Vehicles have to revoke such titles?
Neb.Rev.Stat. § 60-108 (Reissue 1984) not only authorizes but imposes an obligation upon the Department to revoke any improperly issued certificate of title. In pertinent part § 60-108 states:
 "The department (of Motor Vehicles) shall check with its records all duplicate certificates of title received from the county clerks. If it appears that a certificate of title has been improperly issued, the department shall have the power, and it shall be its duty, to cancel the same. Upon cancellation of any certificate of title, the department shall notify the county clerk who issued the same, and such county clerk shall thereupon enter the cancellation upon his or her records. The department shall also notify the person to whom such certificate of title was issued, as well as any lienholders appearing thereon, of the cancellation and shall demand the surrender of such certificate of title, but the cancellation shall not affect the validity of any lien noted thereon. . . ."
Emphasis added
Since improper means "not in accordance with the truth, fact or rule; wrong; incorrect" New World Dictionary 707 (2d ed. 1982), a fraudulently obtained certificate of title would certainly fall within the category of "improperly issued" certificates of title. Therefore, the Department of Motor Vehicles has the obligation to revoke such title. Lastly, Neb.Rev.Stat. § 60-106(2) (Reissue 1986) provides that a certificate of title will issue upon application. "Such application shall be filed with the county clerk of the county in which the applicant resides if the applicant is a resident of this state or, if a nonresident, the county in which the transaction is consummated. . . ." Where a nonresident purchases a vehicle in another state, as in the hypothetical you propose, there is no county in Nebraska which fits the statutory requirement for titling the vehicle. Any title issued under those circumstances would be improperly issued and subject to cancellation.
Sincerely,
ROBERT M. SPIRE Attorney General
Yvonne E. Gates Assistant Attorney General